STATE HIGHWAY COMMISSIONER *v.*
REDFORD TOWNSHIP.

1. PUBLIC LANDS—ZONING—TOWNSHIP POWER.
   A township has no power to enact a zoning ordinance affecting lands owned by the State.

2. COSTS—PUBLIC QUESTION—TOWNSHIP ZONING ORDINANCE AFFECTING STATE LANDS.
   No costs are awarded in suit by State highway commissioner to have amendment to zoning ordinance affecting State lands declared invalid, a public question being involved.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 May 12, 1966, at Lansing. (Docket No. 1,072.)   Decided September 13, 1966.

Complaint by John C. Mackie, State Highway Commissioner, against Township of Redford, Wayne

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, States, Territories, and Dependencies § 56; 58 Am Jur, Zoning §§ 8, 14.
[2] 5 Am Jur 2d, Appeal and Error § 1009.

County, for declaratory judgment that rezoning of State-owned lands in Redford Township is invalid. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso,* Assistant Attorney General, for plaintiff.

*Randall C. Kohler,* for defendant.

BURNS, J. Some time prior to April of 1963 the appellee acquired lots 212 to 315 inclusive (except lot 221), Grayton subdivision, being part of the southeast one quarter, section 29, town 1 south, range 10 east, Redford township, Wayne county, Michigan, for the purpose of widening Telegraph road, known as State trunkline highway US–24. The lots were zoned for light industrial, medium industrial and general industrial purposes.

Upon completion of the construction and the widening of said highway, there remained an unused portion of each of the lots. These portions are now excess property.

On March 16, 1964, the Redford township board adopted an amended zoning ordinance rezoning said property R–1–T, one-family residential transitional.

The trial court granted the appellee's motion for a summary judgment declaring the amended zoning ordinance invalid and void, and enjoined the appellant from enforcing said amended zoning ordinance. The judgment was based upon the theory that the appellant township did not have jurisdiction to enact a zoning ordinance affecting real estate owned by the State of Michigan.

Appellant concedes the ordinance is not enforceable against the State, but insists it has the right to

rezone the property, and said restrictions would be
valid against any subsequent purchaser.

As Justice DETHMERS stated in *Gust* v. *Township
of Canton* (1955), 342 Mich 436, at page 442, when
he declared a zoning ordinance invalid:

"The test of validity is not whether the prohibition
may at some time in the future bear a real and sub-
stantial relationship to the public health, safety,
morals or general welfare, but whether it does so
now."

It therefore follows that any amendment to the
township zoning ordinance, rezoning land owned by
the State of Michigan was invalid.

Judgment affirmed. No costs, a public question
being involved.

McGREGOR, P. J., and QUINN, J. concurred.