BENNETT v BENNETT

Docket No. 140722. Submitted November 5, 1992, at Grand Rapids. Decided December 21, 1992, at 9:15 A.M.

Joan R. Bennett obtained a divorce from Richard R. Bennett in the Kent Circuit Court, George R. Cook, J. The defendant was ordered to pay child support for two children until they reached eighteen years of age, graduated from high school, or until further order of the court. After the younger child turned eighteen, the defendant moved for termination of his support obligation retroactive to the date of that child's eighteenth birthday. The court, H. David Soet, J., denied the motion. The Court of Appeals, GILLIS, P.J., and MACKENZIE and WEAVER, JJ., in an unpublished memorandum opinion decided February 15, 1991 (Docket No. 126544), vacated the order denying the motion and remanded the case for entry of an order granting the motion. In the proceedings on remand, the plaintiff requested that support be continued pursuant to 1990 PA 243, MCL 552.16a(2); MSA 25.96(1)(2), effective October 10, 1990, which authorizes the awarding of child support until age 19½ years as long as the child remains in high school full-time. The circuit court denied that request and terminated the defendant's support obligation retroactive to the younger child's eighteenth birthday. The plaintiff appealed.

The Court of Appeals *held:*

The doctrine of law of the case requires the circuit court and this Court to abide by the prior decision of this Court that child support cannot be ordered beyond the younger child's eighteenth birthday. The plaintiff, knowing that 1990 PA 243 was enacted while the prior appeal was pending, could have sought rehearing by the prior panel of this Court or leave to appeal in the Supreme Court.

Affirmed.

APPEAL — LAW OF THE CASE.

If an appellate court has passed on a legal question and remanded the case for further proceedings, the legal question will not be decided differently in a subsequent appeal in the same case where the facts remain materially the same.

*Paul J. Symanski,* for the plaintiff.

*Hampel Law Center* (by *Jeffrey L. Hampel* and *Timothy R. Trichler*), for the defendant.

Before: Hood, P.J., and Sawyer and Jansen, JJ.

Per Curiam. Plaintiff appeals from an order of the circuit court granting defendant's motion to terminate child support payments retroactive to the parties' younger child's eighteenth birthday. We affirm.

The parties were divorced in 1984 and the judgment of divorce provided, inter alia, for the payment of child support until the parties' two minor children reached the age of majority or graduated from high school, whichever was later, or until further order of the court. On February 2, 1990, defendant moved to terminate his child support retroactive to their younger son's eighteenth birthday, which was February 23, 1989. The trial court denied that motion, concluding that because the parties had agreed to the child support provision in the divorce judgment, it was enforceable as a contract. Defendant appealed and this Court reversed on the basis of the Supreme Court's decision in *Smith v Smith,* 433 Mich 606; 447 NW2d 715 (1989). See *Bennett v Bennett,* unpublished memorandum opinion of the Court of Appeals, decided February 15, 1991 (Docket No. 126544). We vacated the trial court's order and remanded the matter to the trial court "to enter the appropriate order."

While the matter was pending before this Court during the original appeal, the Legislature enacted 1990 PA 243; MCL 552.16a(2); MSA 25.96(1)(2), effective October 10, 1990, which, with some restrictions, authorized the awarding of child sup-

port until age 19½ where the child remained a full-time high school student seeking graduation. That statute took effect before the submission of the earlier appeal in this matter on case call on January 8, 1991, and before the release of the opinion in the prior appeal on February 15, 1991. Plaintiff did not seek rehearing of our opinion in the prior appeal, nor did she seek leave to appeal to the Supreme Court.

On remand, plaintiff endeavored to have the trial court award child support under the statute while the younger son remained in high school. The trial court declined, concluding that it was required to follow this Court's prior decision, which required it "to enter the appropriate order," i.e., an order that terminated child support retroactive to the younger son's eighteenth birthday, consistent with the ruling in *Smith.*

Plaintiff now appeals, arguing that the trial court had the authority under the statute to award child support until the younger son turned 19½, as long as he remained in high school. Defendant responds that this Court's prior decision is controlling under the doctrine of the law of the case and, therefore, the trial court correctly realized that it was without authority to enter an order at variance with this Court's prior decision and that we, too, are bound by our prior decision. We agree with defendant.

Under the doctrine of the law of the case, if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal question will not be differently determined in a subsequent appeal in the same case were the facts remain materially the same. The primary purpose of the law-of-the-case doctrine is to maintain consistency and avoid reconsideration of matters once decided during the course of a single

continuing lawsuit. *Locricchio v Evening News Ass'n,* 438 Mich 84, 109; 476 NW2d 112 (1991). As plaintiff notes, the doctrine is discretionary, rather than mandatory. *Id.* Indeed, in *Locricchio,* the Supreme Court concluded that this Court should not have relied upon the doctrine in declining a further, independent review of the case inasmuch as the constitutional rights of the parties were involved and those rights would be violated if a prior erroneous decision was allowed to stand under the doctrine.

On balance, however, we do not believe it appropriate to decline to apply the law-of-the-case doctrine in the case at bar. While we tend to agree with plaintiff that this Court's prior decision was erroneous in light of the statutory change that occurred during the pendency of the prior appeal, we do not believe that a conclusion that the prior decision was erroneous is sufficient by itself to justify ignoring the law-of-the-case doctrine. To do so would vitiate that doctrine because it would allow this Court to ignore a prior decision in a case merely because one panel concluded that the earlier panel had wrongly decided the matter. It would, therefore, reopen every case to relitigation of every issue previously decided in hopes that a subsequent panel of the Court would decide the issue differently than did the prior panel. Clearly, the law-of-the-case doctrine has no usefulness if it is only applied when a panel of this Court agrees with the decision reached by a prior panel.

In the case at bar, perhaps the prior panel should have considered the applicability of the statute and reached a different decision. However, the fact remains that it either did not consider the prior statute or considered it and determined it to be irrelevant to the disposition of that prior appeal and, therefore, did not discuss it in the prior

opinion. If the prior panel considered and rejected the statute, then we would merely be substituting our judgment regarding the applicability of the statute for the prior panel's judgment, the very activity the law-of-the-case doctrine is designed to discourage.

If, on the other hand, the prior panel was unaware of the existence of the then-recently enacted statute, the question must be raised with regard to why the statute had not been brought to the Court's attention. While this Court certainly endeavors to do its own analysis of issues and determine what case law or statutory law is applicable to a matter, ultimately it is the responsibility of the parties to bring to this Court's attention that case law and those statutes that the parties wish the Court to consider in deciding the matter.

With respect to the statute that plaintiff now wishes to rely upon, that statute was enacted almost three months before the submission of the prior appeal on case call and over four months before the release of this Court's opinion in the prior appeal. Plaintiff could have brought the new statute to this Court's attention at any time after its enactment until the filing of this Court's decision. For that matter, when this Court filed its decision and did not consider the effect of the statute, plaintiff could have moved for rehearing or even sought leave to appeal to the Supreme Court, arguing that this Court's decision was erroneous in light of the statute enacted during the pendency of the appeal. Plaintiff did neither. Rather, plaintiff sought to have the trial court ignore this Court's prior opinion, citing the new statute as justification for that action.

Where a litigant believes that this Court erred, the appropriate remedy is to seek either rehearing in this Court or leave to appeal to the Supreme

Court, not to return to the trial court and argue that the Court of Appeals decision was erroneous and, therefore, should not be followed. See *People v Whisenant,* 384 Mich 693, 702; 187 NW2d 229 (1971). In the case at bar, rather than seeking relief in this Court or the Supreme Court, plaintiff chose to file an objection to the entry of the order following remand, stating as her basis that this Court's prior decision was contrary to the statute. The trial court correctly noted that its obligation was to follow this Court's decision, not determine whether this Court's decision was correct under the statute.

Plaintiff also argues that the trial court was empowered to award child support past the age of eighteen under the statute because the circuit court has continuing jurisdiction to modify child support awards. We disagree. First, this Court's prior decision precluded the award of child support past the age of eighteen on the basis of the conclusion that the circuit court was without authority to make the award, not that an award of child support was inappropriate under the circumstances then existing. Thus, our prior decision precluded, perhaps erroneously, any award of child support past the age of eighteen and, therefore, would not be subject to the continuing jurisdiction of the circuit court to modify the child support award.

Second, even assuming that plaintiff is correct that the trial court's continuing jurisdiction would allow a modification of the support award after our prior decision, the parties' younger child had already reached the age of 19½ before jurisdiction was returned to the circuit court. Thus, even assuming that the circuit court had the authority to modify the child support award for time periods after a decision by this Court, an award of child

support would not be authorized even under the amended statute because the younger child was older than 19½.[1]

Plaintiff also points to the fact that there was an intervening change in the law. This is true, but the change in the law intervened between the circuit court proceedings, not between the Court of Appeals proceedings and the circuit court proceedings. That is, had the statute taken effect after this Court's original decision, then plaintiff would certainly be correct that the law-of-the-case doctrine would not be applied to preclude the trial court from having reached a different disposition of the child support issue in light of the statutory amendment that would have occurred after this Court's decision. However, the statute was changed before this Court's decision and, therefore, does not constitute an intervening change in the law so as to preclude application of the law-of-the-case doctrine.

In sum, we conclude that plaintiff's appropriate action was not to challenge the correctness of this Court's prior decision in the circuit court, but to have sought rehearing of our prior decision or leave to appeal to the Supreme Court to challenge the correctness of our prior decision in light of the statutory change. The law-of-the-case doctrine precludes reconsideration of the legal issue of the

---

[1] Even if the child were under 19½, the authority to modify the child support award following the appellate decision would presume that there had been a change in circumstance between the time of the initial decision and the time of the modification. There is no indication of such changes in circumstance and, certainly, plaintiff's objection to the entry of the order on remand does not point to changed circumstances nor, for that matter, did plaintiff seek a modification of the child support award in the circuit court on the basis of a change in circumstance. Rather, she merely objected to the entry of the proposed order upon remand on the basis of her position that our prior decision was erroneous in light of the statute, as well as objections to whether she had received proper notice of the proceedings in the prior appeal.

trial court's power to award child support past the age of eighteen, that issue having been settled in the prior appeal and there being no changes in the law occurring after this Court's prior decision to justify our revisiting the issue. While this Court's prior decision may have been erroneous, the fact that a prior decision may be erroneous is insufficient by itself to justify ignoring the law-of-the-case doctrine, because that doctrine is designed to preclude relitigating the issue of the correctness of a prior appellate decision. Accordingly, while we do not necessarily agree with the conclusion reached by our colleagues in the prior decision, we do believe that we are bound by that prior decision under the law-of-the-case doctrine and must continue to apply that decision.

Affirmed. Defendant may tax costs.