CITY OF KALAMAZOO v DEPARTMENT OF CORRECTIONS

Docket No. 167172. Submitted May 10, 1995, at Grand Rapids. Decided August 11, 1995, at 9:00 A.M. Leave to appeal sought.

The City of Kalamazoo brought an action in the Kalamazoo Circuit Court against the Department of Corrections, alleging that the department, in choosing the city as a site for a new community corrections center, violated 1992 PA 163, § 1005, which provides that the department shall not locate a new community corrections center in a residential neighborhood unless the location has the support of the local unit of government. The court, William G. Schma, J., dismissed the complaint, ruling that § 1005 violated the Title-Object Clause of the Michigan Constitution. The city appealed.

The Court of Appeals *held:*

1. The Title-Object Clause, Const 1963, art 4, § 24, requires that a statute not embrace more than one object and that the object embraced be expressed in the title of the statute. Section 1005 of 1992 PA 163, a general appropriations act for the Department of Corrections, in placing a condition on the use of funds appropriated to the department, violated neither of the requirements of the Title-Object Clause because the condition is consistent with the object expressed in the title of 1992 PA 163, i.e., to prescribe certain duties of the department.

2. Section 1005 is a clear expression of legislative intent to require approval of a community corrections center by the local government in whose jurisdiction or geographical area the center is to be located.

3. Section 1005 did not repeal expressly or by implication MCL 791.204; MSA 28.2274, the section of the enabling act for the Department of Corrections granting the department exclusive jurisdiction over penal institutions. The department retains full authority over the operation of community corrections centers, notwithstanding the requirement under § 1005 of location approval by local government.

Reversed.

*Robert H. Cinabro,* City Attorney, for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Allan J. Soros,* Assistant Attorney General, for the defendant.

Amicus Curiae:

*Laurie S. Longo,* for Michigan Municipal League.

Before: SAAD, P.J., and BANDSTRA and M. G. HARRISON,* JJ.

PER CURIAM. Plaintiff sued defendant, claiming that defendant's action in locating a community corrections facility within Kalamazoo was contrary to § 1005 of 1992 PA 163, the general appropriations bill for the Department of Corrections for 1993.[1] The trial court concluded that § 1005 was unconstitutional and entered an order dismissing plaintiff's complaint. Plaintiff appeals as of right. We reverse.

The trial court held that § 1005 violated the Title-Object Clause of the Michigan Constitution.[2] Const 1963, art 4, § 24 states in part that "[n]o law shall embrace more than one object, which shall

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff also alleged a nuisance claim, which is not at issue on appeal.

[2] The trial court reached this result after comparing the title of the appropriations act of which § 1005 was a part with the title of the enabling act for the Department of Corrections, MCL 791.201 *et seq.*; MSA 28.2271 *et seq.* The trial court reasoned that the appropriations act title showed that act to be "clearly related strictly to financing and reporting of financing and monitoring of financing," while the Department of Corrections act title showed that it was enacted, "among other things, to provide for the very action which is at issue in this case, and that is, to provide for the siting of correctional facilities." The Department of Corrections act may well have a title that more specifically refers to siting responsibilities than does the appropriations act at issue here. However, that does not mean that the appropriations act title, which is broad enough to encompass siting responsibilities when considered independently, is constitutionally infirm.

be expressed in its title." The Title-Object Clause embodies two separate requirements: (1) the statute shall not embrace more than one object and (2) the object that the statute embraces shall be expressed in the title. *Advisory Opinion on Constitutionality of 1975 PA 227 (Question 1),* 396 Mich 123, 128; 240 NW2d 193 (1976).

Neither of these requirements was violated through the enactment of § 1005 of the appropriations act, 1992 PA 163. Section 1005 states:

> The department shall not locate a new community corrections center in a residential neighborhood unless the location of the proposed community corrections center has the support of the local unit of government in whose jurisdiction the community corrections center is proposed to be located. If the local unit of government does not give its support for that location, the local unit of government shall provide an alternative site within the local governmental unit's jurisdiction for the proposed community corrections center. [1992 PA 163, § 1005.]

This provision places a condition on defendant's use of appropriations for community corrections facilities. It does not create an unconstitutional, separate object because this condition is germane to the appropriation. *Lewis v State,* 352 Mich 422, 429; 90 NW2d 856 (1958). The Title-Object Clause is "only violated where the subjects are so diverse in nature that they have no necessary connection." *Consumers Power Co v ABATE,* 205 Mich App 571, 577; 518 NW2d 514 (1994). The title of the appropriations act states, inter alia, that it is an act "to prescribe certain . . . duties of the department of corrections . . . ." The duty imposed on defendant regarding community corrections facility placements is certainly within the purview of

that title language, even without the broad construction that we are required to apply to avoid frustrating legislative intent. See *Mooahesh v Dep't of Treasury,* 195 Mich App 551, 563; 492 NW2d 246 (1992).[3]

On appeal, defendant argues a number of other grounds in support of the trial court's dismissal of plaintiff's action. First, defendant, relying upon *Dearden v Detroit,* 403 Mich 257; 269 NW2d 139 (1978), contends that it has exclusive jurisdiction over the siting of penal institutions, including community corrections centers. In *Dearden, supra* at 259, the Supreme Court decided that, under the Department of Corrections act, the department was not subject to municipal zoning ordinances passed pursuant to the zoning enabling act. However, this result was based on the Court's determination of legislative intent following a comparison of the two acts at issue. *Id.* at 265-267. Most notably for purposes of this case, the zoning enabling act evidenced no intent that the Department of Corrections was to be made subject to local zoning ordinances:

> We can find no expression of a legislative intent in the language of that act to subject the department's exclusive jurisdiction over the state's penal institutions, and its duty to coordinate and adjust those institutions as an integral part of a unified, general correctional system, to the many and varied municipal zoning ordinances throughout the state. [*Id.* at 266-267.]

In contrast, there is no question in this case that

---

[3] The title-object analysis might be different if defendant were seeking to place a community corrections facility using funds not appropriated in the act that included § 1005. However, defendant conceded at oral argument that the appropriations act that included § 1005 was the source of the funds by which the community corrections facility at issue would be placed.

the Legislature expressly intended, through the inclusion of § 1005 in the appropriations act, to require that the Department of Corrections receive the support of a local unit of government before placing a community corrections center.[4]

Defendant further argues that plaintiff is not "the local unit of government" to which § 1005 grants a right to oppose the placement of the community corrections center. This argument, which flies in the face of the plain language of § 1005, is based upon defendant's reading of *State Hwy Comm'r v Redford Twp,* 4 Mich App 223; 144 NW2d 690 (1966). However, in that case, the parties conceded that a township "did not have jurisdiction" to enforce a zoning ordinance with respect to property purchased by the state for purposes of widening a state trunkline highway. *Id.* at 224. In light of this concession, the Court undertook no analysis of the question. *Id.* at 224-225. Accordingly, we are left with no reason to conclude that this precedent is at all applicable to the completely different facts of the present case. Further, defendant's argument from *State Hwy Comm'r* rests upon that precedent's use of the term "jurisdiction," which, when considered in its context, apparently meant power or authority. See *id.* at 224. In contrast, § 1005 speaks of "jurisdiction" in the sense of geographical location, a completely different issue. Section 1005 clearly grants plaintiff the right to object to placement of a community corrections center to be located within city boundaries.

Defendant finally argues that § 1005 was uncon-

---

[4] The *Dearden* Court's concern that "the underlying policies of the general correctional system could be effectively thwarted by community after community prohibiting the placement of certain penal institutions in appropriate locations" is not relevant to the case before us. See *Dearden, supra* at 267. Section 1005 requires that a local unit of government opposing a proposed location must provide an alternative site.

stitutional under the Title-Object Clause, but for a different reason than that employed by the trial court. Defendant argues that, in enacting § 1005, the Legislature repealed the provision of the Department of Corrections act that granted defendant "exclusive jurisdiction" over penal institutions. See MCL 791.204; MSA 28.2274. Thus, defendant argues, because the title of the appropriations act did not include any mention of such repeal, § 1005 was enacted in violation of the Title-Object Clause.

We disagree with the premise upon which this argument rests, i.e., that § 1005 constituted a repeal of a portion of the Department of Corrections act. There was certainly no express repeal, and a repeal by implication is disfavored and found only when two statutes are so incompatible that the earlier statute cannot stand in the face of the later statute. *House Speaker v State Administrative Bd,* 441 Mich 547, 562-563; 495 NW2d 539 (1993); *Valentine v Redford Twp Supervisor,* 371 Mich 138, 144; 123 NW2d 227 (1963). We do not find this kind of incompatibility here. Defendant can maintain exclusive jurisdiction in the sense that it has full authority over the operation of its penal institutions, including community corrections facilities,[5] notwithstanding § 1005. Full operational authority does not necessarily include the right to place those institutions wherever defendant wants without regard to local community opposition. Thus, there was no repeal by implication and no reason for the title of the appropriations act to refer to any repeal.

For the foregoing reasons, § 1005 was constitutionally enacted, and plaintiff's complaint based upon that section should not have been dismissed.

We reverse.

---

[5] We assume, without deciding, that the statutory reference to "penal institutions" includes community corrections facilities.