CITY OF KALAMAZOO v DEPARTMENT OF CORRECTIONS (AFTER
REMAND)

Docket No. 198027. Submitted October 7, 1997, at Grand Rapids. Decided
March 31, 1998, at 9:15 A.M.

The city of Kalamazoo brought an action in the Kalamazoo Circuit
Court against the Department of Corrections, seeking declaratory
and injunctive relief and alleging that the department, in choosing
the city as the site for a new community corrections center, vio-
lated 1992 PA 163, § 1005, an appropriations act that in part pro-
vided that the department was not to locate such a center in a resi-
dential neighborhood unless the location had the support of the
local unit of government. The court, William G. Schma, J., dis-
missed the complaint, ruling that § 1005 violated the Title-Object
Clause of the Michigan Constitution. The Court of Appeals, SAAD,
P.J., and BANDSTRA and M. G. HARRISON, JJ., reversed, holding that
§ 1005 did not violate the Title-Object Clause and conditioned the
department's use of appropriate funds for new community correc-
tions centers on the approval of local units of government. After
trial on remand, the circuit court dismissed the complaint, deter-
mining that § 1005 could not apply in this case in light of *Dearden
v Detroit*, 403 Mich 257 (1978), and somewhat different language
concerning the siting of new community corrections centers in
1993 and 1994 appropriations acts. The circuit court concluded that
*Dearden* and the 1993 and 1994 appropriations acts supported the
proposition that the Legislature had intended to vest the depart-
ment with exclusive jurisdiction over the siting of penal institu-
tions. The city appealed.

After remand, the Court of Appeals *held*:

1. By revisiting the issue of legislative intent, ignoring the fact
that a panel of the Court of Appeals had already distinguished
*Dearden*, and ultimately ruling that the department's authority was
not subject to the express condition contained in § 1005, the circuit
court failed to follow the law of the case established in the prior
appeal in this case.

2. The exception to the law of the case doctrine that applies
where there has been an intervening change in the law does not
apply to this case. That exception requires that the change of law

occur after the initial decision of the appellate court. Here there was no change in law, the change noted by the defendant occurred before the initial decision of the Court of Appeals.

3. Injunctive relief cannot be ordered in the absence of circuit court findings of fact with respect to the defendant's compliance with § 1005. The matter must be remanded for further proceedings.

Reversed and remanded.

*Robert H. Cinabro,* City Attorney, for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Allan J. Soros,* Assistant Attorney General, for the defendant.

Amicus Curiae:

*Laurie S. Longo,* for Michigan Municipal League.

AFTER REMAND

Before: WHITE, P.J., and CAVANAGH and REILLY, JJ.

PER CURIAM. After a bench trial, the trial court issued a judgment dismissing plaintiff's action on its merits. Plaintiff appeals as of right. We reverse and remand.

This case, which is before us for a second time, arises out of plaintiff's opposition to defendant's placement of a community corrections center within the city of Kalamazoo. In March of 1993, plaintiff filed a complaint for injunctive and declaratory relief seeking to prevent defendant from following through on its announced plans to locate a new community corrections center on the grounds of the Kalamazoo Regional Psychiatric Hospital. Plaintiff relied, in part,[1]

---

[1] Plaintiff also claimed that the proposed community corrections center would be a nuisance. This claim was dismissed without prejudice pursuant to a stipulation by the parties before plaintiff's first appeal as of right.

on § 1005 of 1992 PA 163, the general appropriations bill for the Department of Corrections for 1993, which provided:

> The department shall not locate a new community corrections center in a residential neighborhood unless the location of the proposed community corrections center has the support of the local unit of government in whose jurisdiction the community corrections center is proposed to be located. If the local unit of government does not give its support for that location, the local unit of government shall provide an alternative site within the local governmental unit's jurisdiction for the proposed community corrections center.

Plaintiff's complaint alleged that the proposed site was in a residential neighborhood, that plaintiff had expressed its opposition to the proposed site, and that plaintiff had suggested an alternate site within the city of Kalamazoo. After a hearing regarding plaintiff's motion for a preliminary injunction, the trial court dismissed the portion of plaintiff's complaint that relied on § 1005. The trial court reasoned that § 1005 was unconstitutional under the Title-Object Clause of the state constitution, Const 1963, art 4, § 24. After the trial court entered a final order, and defendant transferred inmates into the proposed community corrections center, plaintiff appealed as of right, and this Court reversed. See *Kalamazoo v Dep't of Corrections*, 212 Mich App 570; 538 NW2d 85 (1995). On remand, after a bench trial, the trial court again dismissed plaintiff's cause of action, and this appeal followed.

On appeal, plaintiff argues that the trial court erred in failing to follow this Court's prior ruling regarding the issue of the scope of defendant's authority regard-

ing the placement of the challenged community corrections center. We agree. This Court reviews questions of law de novo. *Shurlow v Bonthuis*, 218 Mich App 142, 148; 553 NW2d 366 (1996).

The law of the case doctrine provides that "if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981). Likewise, a trial court may not take any action on remand that is inconsistent with the judgment of the appellate court. *Sokel v Nicoli*, 356 Mich 460, 464; 97 NW2d 1 (1959); *VanderWall v Midkiff*, 186 Mich App 191, 196; 463 NW2d 219 (1990). Thus, as a general rule, a ruling on a legal question in the first appeal is binding on all lower tribunals and in subsequent appeals. See *Driver v Hanley (After Remand)*, 226 Mich App 558, 565; 575 NW2d 31 (1997); *Poirier v Grand Blanc Twp (After Remand)*, 192 Mich App 539, 546; 481 NW2d 762 (1992). The law of the case doctrine applies only to questions actually decided in the prior decision and to those questions necessary to the court's prior determination. *Poirier, supra* at 546. The rule applies without regard to the correctness of the prior determination. *Driver, supra* at 565; *Bennett v Bennett*, 197 Mich App 497, 504; 496 NW2d 353 (1992). The primary purpose of the rule is to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit. *Bennett, supra* at 499-500. Finally, the law of the case doctrine does not operate as a limitation on the power of appellate

courts, but rather as a discretionary rule of practice. See *Locricchio v Evening News Ass'n*, 438 Mich 84, 109; 476 NW2d 112 (1991).

In the first appeal of this case, a panel of this Court held that § 1005 of 1992 PA 163 was constitutional under the Title-Object Clause, that § 1005 placed a condition on defendant's use of appropriations for community corrections facilities, and that the trial court erred in dismissing plaintiff's complaint. *Kalamazoo, supra* at 571-573. Addressing an alternative ground argued by defendant in support of the trial court's dismissal, this Court also held:

> [T]here is no question in this case that the Legislature expressly intended, through the inclusion of § 1005 in the appropriations act, *to require that the Department of Corrections receive the support of a local unit of government before placing a community corrections center.* [*Id.* at 573-574 (emphasis added).]

In support of this holding, the *Kalamazoo* Court distinguished *Dearden v City of Detroit*, 403 Mich 257; 269 NW2d 139 (1978), a case in which the Michigan Supreme Court held that the authority of the Department of Corrections was not subject to municipal zoning ordinances passed pursuant to the zoning enabling act. *Kalamazoo, supra* at 573-574. The *Kalamazoo* Court reasoned that, unlike the zoning enabling act at issue in *Dearden, supra* at 266-267, the language of the appropriations act at issue in this case contained an expression of legislative intent to restrict the exclusive jurisdiction of the Department of Corrections. See *Kalamazoo, supra* at 573-574.

On remand, however, the trial court ruled that the Legislature's clear intent was to give the Department

of Corrections complete control over the placement of its facilities. In so ruling, the trial court relied on *Dearden, supra,* and on appropriations bills passed in 1993 and 1994, which contained language somewhat different than that contained in § 1005 of 1992 PA 163. The trial court explained its decision as follows:

> Like the case of *Dearden v City of Detroit,* 403 Mich [257] (1978), the ultimate question is one of legislative intent. Our [L]egislature has demonstrated clearly, through revisions in appropriations bills subsequent to that on which plaintiff relies, and subsequent to *Dearden,* that the Department of Corrections has the power to control siting of its facilities. But for this clear expression of legislative intent, plaintiff may have prevailed; but in the face of it, it cannot.
>
> Plaintiff relies on the above quoted language of the 1992 appropriations bill. Defendant, however, correctly points out that this language has undergone repeated, and significant revision. In 1993 this section was changed to read: "*It is the legislature's intent* that the department *avoid* locating a new community corrections center in a residential neighborhood unless the location . . . has the support of the local unit of government . . . . If (it) does not give its support for that location, (it) shall provide an alternative site . . . ."
>
> Again in 1994 this language was modified further enhancing the discretion of the department. It reads: "*It is the legislature's intent* that the department *avoid* locating a new community corrections center in a residential neighborhood unless the location . . . has the support of the local unity [sic] of government . . . . If the local unit of government does not give its support for that location (it) shall provide an alternative site *that is acceptable to the department.*"
>
> This interpretation of the extent of the power to site which the [L]egislature has evidenced it intends to extend to the department through its appropriation process is consistent with the extent of the jurisdiction granted to the department as interpreted by *Dearden.* The court read that

statute (MCL 791.204 [MSA 28.2274]) as "a clear expression of the Legislature's intent to vest the department with complete jurisdiction over the state's penal institutions, subject only to the constitutional powers of the executive and judiciary, and not subject in any way to any other legislative act . . . . This language evidences a legislative intent to nullify the effect of any other statute which is inconsistent with the department's exclusive jurisdiction over the state's penal institutions as granted in this act." (Page 265-266).

Finally, it should be noted in passing that at the final hearing on this matter, no evidence showed that any of the proffered sites were acceptable to the department.

For these reasons, plaintiff's complaint must be dismissed. Defendant shall prepare an order consistent with this opinion.

By revisiting the issue of legislative intent, ignoring the fact that a panel of this Court had already distinguished *Dearden, supra,* and ultimately ruling that defendant's authority to control the placement of the community corrections center was *not* subject to the express condition contained in § 1005 of 1992 PA 163, the trial court failed to follow the law of the case established in plaintiff's first appeal.

An exception to the law of the case doctrine applies where there has been an intervening change in the law. *Freeman v DEC Int'l, Inc,* 212 Mich App 34, 38; 536 NW2d 815 (1995); *Bennett, supra* at 503. For the exception to apply, the change of law must occur *after* the initial decision of the appellate court. *Freeman, supra* at 38. A change of law that occurs after the trial court's decision but before the appellate court's initial decision does not prevent application of the law of the case doctrine, because the proper remedy in that instance is either a petition for rehearing before the trial court or an appeal to a higher court. *Id.* In this case, the trial court on remand relied on

portions of the two appropriations acts passed in the years immediately following the passage of 1992 PA 163. However, for two reasons the trial court's reliance on these subsequent appropriations acts does not trigger the "intervening change in law" exception to the law of the case doctrine.

First, there was no change in the relevant law. Plaintiff's complaint was based on § 1005 of 1992 PA 163, which, as this Court explained in plaintiff's first appeal, "places a condition on defendant's use of appropriations for community corrections facilities." *Kalamazoo, supra* at 572. With certain constitutional limitations, the Legislature may place conditions on the receipt of appropriations. See *Lewis v State*, 352 Mich 422, 430; 90 NW2d 856 (1958); *Bd of Agriculture v Auditor General*, 226 Mich 417, 425; 197 NW 160 (1924); *Kalamazoo, supra* at 572. When an appropriation made subject to a constitutionally valid condition is accepted, the condition becomes binding on the party receiving the appropriation. See *Regents of the Univ of Michigan v Michigan*, 395 Mich 52, 65; 235 NW2d 1 (1975); *Bd of Regents of the Univ of Michigan v Auditor General*, 167 Mich 444, 451; 132 NW2d 1037 (1911). Accordingly, assuming defendant used funds from the 1993 appropriation (1992 PA 163) for the community corrections facility at issue, defendant was bound by the condition contained in § 1005 of 1992 PA 163, the act at issue, regardless of the language contained in the subsequent appropriations.[2]

Second, the "change" in the language of the appropriations acts referred to in the trial court's opinion

---

[2] We do not address the question whether the Legislature could, if it chooses, resolve the matter by enacting other legislative provisions not at issue here.

occurred before the initial decision of the appellate court. Plaintiff's first appeal was submitted to this Court on May 10, 1995. Accordingly, the prior panel of this Court either (1) did not consider the appropriations acts passed in 1993 and 1994, or (2) considered them and determined them to be irrelevant. In either event, the prior panel's determination should not be disturbed. See *Bennett, supra* at 500-501. Therefore, because the law of the case established in plaintiff's first appeal is that § 1005 of 1992 PA 163 placed a condition on defendant's use of appropriated funds for community corrections facilities, see *Kalamazoo, supra* at 572-574, we hold that the trial court erred in ruling that defendant's authority to control the placement of the community corrections center at issue was not subject to the condition contained in § 1005 of 1992 PA 163.

Finally, plaintiff contends that it is entitled to the injunctive relief requested in its complaint. However, because the trial court did not make findings of fact with respect to the issue of defendant's compliance with § 1005 of 1992 PA 163, we cannot order the relief requested by plaintiff. Instead, we remand for proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.