706 N.W.2d 34 (2005)
267 Mich. App. 700
In re ESTATE OF June Louisa CUMMIN, Deceased.
Edward Murphy, Personal Representative of the Estate of June Louisa Cummin, Deceased, Petitioner-Appellee,
v.
Beth A. Hegyi, Respondent-Appellant.
Docket No. 253594.
Court of Appeals of Michigan.
Submitted June 7, 2005, at Grand Rapids.
Decided August 23, 2005, at 9:00 a.m.
Released for Publication November 10, 2005.
*35 Currie Kendall, P.L.C. (by R. Drummond Black), Midland, for Edward Murphy.
Robert J. Rhead, P.C. (by Robert J. Rhead), Midland, for Beth A. Hegyi.
Before: HOEKSTRA, P.J., and JANSEN and KIRSTEN FRANK KELLY, JJ.
PER CURIAM.
Respondent appeals as of right the probate court's order "that the proceeds of the sale of decedent's real property by respondent are subject to a constructive trust for the benefit of decedent's estate." The probate court concluded that respondent, decedent's daughter,[1] breached her common-law fiduciary duty to decedent when, as attorney-in-fact, she conveyed decedent's real property to herself at a time when decedent, who suffered from dementia, could not freely consent to the details of the transaction. The probate court also determined that the Estates and Protected Individuals Code (EPIC), M.C.L. § 700.1101 et seq., precluded respondent's self-dealing when she was acting as decedent's fiduciary. We affirm in part and vacate in part.

I. Breach of Common-Law Fiduciary Duty
In a prior appeal, respondent appealed the probate court's ruling that respondent's breach of her common-law fiduciary duty in conveying decedent's property to herself created a constructive trust for the *36 benefit of decedent's estate. In re Cummin Estate, 258 Mich.App. 402, 671 N.W.2d 165 (2003). In that appeal, respondent asserted that (1) the probate court erred in holding that she had breached her common-law fiduciary duty by conveying decedent's property to herself, (2) the probate court erred in permitting petitioner to raise the issue of undue influence for the first time in opening argument, and (3) the probate court erred in failing to grant a motion for directed verdict.
In addressing the first issue on appeal, whether the probate court erred in concluding that respondent breached her common-law fiduciary duty by transferring the property to herself despite decedent's instructions that she do so, the lead opinion reviewed the probate court's decision by applying the common-law principle that an agent may personally engage in a transaction with the principal with "`"consent of the principal after a full disclosure of the details of the transaction."'" Cummin, supra at 407-408, 671 N.W.2d 165, quoting In re Susser Estate, 254 Mich.App. 232, 234, 657 N.W.2d 147 (2002), quoting VanderWall v. Midkiff, 166 Mich.App. 668, 678, 421 N.W.2d 263 (1988). Accordingly, the lead opinion stated that "the probate court erred as a matter of law in failing to acknowledge that an agent may engage in self-dealing if the principal consents and has knowledge of the details of the transaction." Cummin, supra at 409, 671 N.W.2d 165. In keeping with this principle, the lead opinion determined that it was necessary to remand the case because the Court could not discern
whether the probate court concluded that decedent freely consented to the transaction. Although the probate court found credible respondent's and her husband's testimony that decedent wanted respondent to have the property, the probate court also found that that [sic] respondent acted in a manner "incongruous with an individual who was simply attempting to comply with her mother's wishes." Additionally, the probate court's opinion referenced "changes in circumstances" that prohibited enforcing the transaction. We, however, find no evidence on the record that decedent revoked the power of attorney or changed her mind regarding the disposition of the property after instructing respondent to transfer it. [Id. at 410, 671 N.W.2d 165.]
The lead opinion additionally stated that
the probate court erred as a matter of law by concluding that the passage of time and the change in decedent's mental status affected respondent's authority to transfer the property. The power of attorney that decedent executed was a durable power of attorney and, therefore, was still valid after decedent became incompetent. Accordingly, if decedent consented to the transaction with knowledge of its details, the timing of the transaction does not prevent its enforcement. [Id. at 409-410, 671 N.W.2d 165 (citations omitted).]
The lead opinion expressly concluded that given that the subject power of attorney was a durable power of attorney, "if decedent consented to the transaction with knowledge of its details, the timing of the transaction does not prevent its enforcement." Id. at 410, 671 N.W.2d 165.
On remand, the probate court issued a written opinion stating:
Respondent and her husband testified at trial decedent had frequently requested respondent to transfer decedent's real estate to herself. This Court finds respondent and her spouse's testimony as to these requests, made prior to decedent's admission into the nursing home, to be credible. However, respondent went on to testify her mother made similar *37 requests after her admission to the care facility due to stroke-induced dementia. This testimony, in light of other testimony at trial which described decedent's deteriorating mental condition, is not credible .....
On December 10, 1996, respondent assigned to herself decedent's real property by quit claim deed, reserving in decedent a life estate. The deed was executed nearly two years after decedent began living in Tendercare, the care facility in Clare, Michigan. The transfer was made many months after decedent was no longer lucid. It is incongruent to suggest decedent was mentally capable to knowingly participate in the details concerning estate planning when she was obviously incompetent. She could not recognize close family members, couldn't feed herself, and could not carry on conversations.
The court of appeals has opined that an agent may engage in self-dealing if the principal consents and has knowledge of the details of the transaction. The principal herein, decedent, could not have consented to this transfer. Nor did she, at the time, possess the necessary cognitive ability to possess knowledge of the transfer's details....
This Court is fully cognizant that a durable power of attorney is valid after a principal becomes incompetent. But, when an attorney-in-fact employs a POA months, if not years after her principal has lost nearly all, if not all, of her mental abilities due to the onset of severe dementia, to enrich herself the transaction cannot stand. This decedent, at the time the deed was executed by respondent on December 10, 1996, could not freely consent to anything let alone the conveyance of her real property. Simply stated she was totally incompetent and thus incapable of consenting to this transfer with full knowledge of its details. [Emphasis added.]
In this appeal, respondent argues that the probate court erred in its conclusion that respondent breached her fiduciary duty. "This Court reviews for clear error a trial court's factual findings and reviews de novo questions of law, including issues of statutory construction." Cummin, supra at 406, 671 N.W.2d 165; see also Thomas v. New Baltimore, 254 Mich.App. 196, 201, 657 N.W.2d 530 (2002). The law of the case doctrine provides that "`if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.'" Kalamazoo v. Dep't of Corrections (After Remand), 229 Mich.App. 132, 135, 580 N.W.2d 475 (1998), quoting CAF Investment Co. v. Saginaw Twp., 410 Mich. 428, 454, 302 N.W.2d 164 (1981). "Likewise, a trial court may not take any action on remand that is inconsistent with the judgment of the appellate court." Kalamazoo, supra at 135, 580 N.W.2d 475.
The additional findings of fact made by the probate court on remand support the conclusion that respondent breached her fiduciary duty to decedent by transferring decedent's property to herself when decedent, although she lucidly consented to the transfer generally, never consented to the details of the transfer and was incompetent at the time of the transfer to consent to the details. In the prior decision, the lead opinion stated that "if decedent consented to the transaction with knowledge of its details, the timing of the transaction does not prevent its enforcement." Cummin, supra at 410, 671 N.W.2d 165. The lead opinion drew attention *38 to the probate court's reference to the decedent's changed mental status and ruled that this change did not affect the durable power of attorney, nor could a change in mental status affect "respondent's authority to transfer the property" if she had authority to make the transfer previous to the change. Id. at 409-410, 671 N.W.2d 165. Nonetheless, the lead opinion stated that it could not determine "whether the probate court concluded that decedent freely consented to the transaction." Id. at 410, 671 N.W.2d 165. Thus, the Court ordered the probate court to clarify whether the decedent consented to the transfer with full knowledge of the details while she was competent because, if she did, respondent had authority to make the transfer even though decedent subsequently became incompetent. On remand, the probate court clarified that, while decedent consented to the transfer generally while she was competent, by the time the transaction took place, decedent was no longer competent and, therefore, could not comprehend the details of the transaction and could not freely consent to them. In other words, decedent was never apprised of the details of the transaction even though she did, before becoming incompetent, consent to a transfer generally. Therefore, we conclude that respondent breached her common-law fiduciary duty to decedent by transferring decedent's property to herself when decedent was never apprised of the details of the transaction and, accordingly, never freely consented to them. Therefore, the probate court did not err in creating a constructive trust for the proceeds of the property for the benefit of the estate under the theory of common-law fiduciary duties.

II. Self-Dealing Under the EPIC
As a "wholly separate and independent basis" for setting aside the transfer, the probate court determined that M.C.L. § 700.1214 of the EPIC "necessitates setting aside respondent's self-dealing." Respondent argues that this was in error. Because we affirm the probate court's order creating a constructive trust on the basis of the common-law fiduciary duty, it is not necessary for us to reach this issue. Nonetheless, we vacate this portion of the probate court's ruling because it is in clear contravention of this Court's prior law of the case.
Although not raised by either party in the first appeal, and despite reversing and remanding on the common-law fiduciary duty issue, the lead opinion stated that "M.C.L. § 700.1214 of EPIC prohibits self-dealing by fiduciaries, except in limited circumstances that are not present in this case." Cummin, supra at 408, 671 N.W.2d 165. However, M.C.L. § 700.8101(2)(d) provides that EPIC "does not impair an accrued right or an action taken before [April 1, 2000,] in a proceeding." The lead opinion stated that "because respondent's accrued right as owner of the property would be impaired by invalidating the transaction or imposing a constructive trust, subsection 8101(2)(d) precludes applying 1214 to invalidate respondent's transfer of property. See In re Smith Estate, 252 Mich.App. 120, 127-128, 651 N.W.2d 153 (2002)." Cummin, supra at 408, 671 N.W.2d 165 (emphasis added). Nonetheless, this Court remanded the case for further findings of fact and a ruling on the common-law fiduciary duty grounds. Thus, while the lead opinion determined that EPIC could not be applied to validate the transfer, it determined that the common-law breach of fiduciary duty could, if the facts supported it.
On remand, the probate court stated that it "could find no legal justification *39 for limiting the provisions of EPIC which precludes [sic] self-dealing by fiduciaries. Here, no vested or accrued rights exist." Thus, the probate court's ruling in regard to this issue clearly contravenes this Court's prior law of the case. Therefore, we vacate this portion of the ruling.[2]
Affirmed in part and vacated in part.
HOEKSTRA, P.J.
I concur in the result only.
NOTES
[1] Petitioner is decedent's son and the personal representative of her estate.
[2] Although it does not affect our decision in this appeal, we disagree with the lead opinion's conclusion that respondent had accrued or vested rights in the property at issue before the EPIC took effect. We agree with Judge Schuette's partial dissent that "the prohibition against self-dealing (M.C.L. § 700.1214) is not superseded by the application of M.C.L. § 700.8101(2)(d) because no accrued or vested right exists under the facts and circumstances of this case." Cummin, supra at 411, 671 N.W.2d 165. In the first place, respondent never had any interest in the rental money that she collected before the property was transferred to her. Further, under the facts and circumstances of this case, Smith does not support the conclusion that respondent had accrued or vested rights in the property that she transferred to herself while acting as decedent's fiduciary. Regardless, the lead opinion, though published, is not binding authority because the majority of judges reached a decision, but did not agree on the underlying reason and no point of law was established by the decision. People v. Bender, 208 Mich.App. 221, 228-229, 527 N.W.2d 66 (1994). The concurring judges concurred in result only, with one judge specifically rejecting the lead opinion's rationale. Therefore, that rationale is without precedential value.