TMW ENTERPRISES INC v DEPARTMENT OF TREASURY

Docket No. 302870. Submitted April 10, 2012, at Lansing. Decided
August 14, 2012, at 9:05 a.m. Leave to appeal denied, 493 Mich
952.

TMW Enterprises Inc., a subchapter S corporation, brought an
action in the Court of Claims against the Department of Treasury,
seeking a refund of single business tax, interest, and a penalty fee
that it had paid under protest when defendant determined that
plaintiff's gain from the sale of an asset was subject to taxation
under the former Single Business Tax Act (SBTA), MCL 208.1 *et
seq.*, and did not qualify for a casual-transaction exclusion under
the act. The Court of Claims, Paula J. M. Manderfield, J., deter-
mined that former MCL 208.3(3) was ambiguous and that an S
corporation was not a corporation within the meaning of the term
"corporation" as used in former § 3(3) and that an S corporation
therefore could qualify for a casual-transaction exclusion. Defen-
dant appealed the judgment awarding plaintiff a refund. The
Court of Appeals, FORT HOOD, P.J. and CAVANAGH and K. F. KELLY,
JJ., reversed in part and remanded for a new hearing, concluding
that S corporations were corporations within the meaning of
former § 3(3) and as a result were not entitled to the casual-
transaction exclusion. 285 Mich App 167 (2009). On remand, the
Court of Claims determined that plaintiff was entitled to a refund
of most of the amount paid, concluding that only that portion of
plaintiff's gain that represented built-in gains or excess passive
income was subject to tax. Defendant again appealed.

The Court of Appeals *held*:

1. On remand a trial court possesses the authority to take any
action that is not inconsistent with the opinion of the appellate
court. In this case, the only conclusion reached in the prior Court
of Appeals opinion was that S corporations were corporations
within the meaning of former § 3(3) and as a result were not
entitled to the casual-transaction exclusion. As long as the Court of
Claims followed that principle of law on remand, it could take any
action necessary to decide the case including revisiting the calcu-
lation of plaintiff's tax liability.

2. The SBTA imposed a tax on a taxpayer's adjusted tax base,
and if a person was a corporation, its business income was its

federal taxable income, which in turn was also its tax base. In this case, plaintiff was an S corporation with no federal taxable income except for its built-in gains and excess passive income. Therefore, the trial court correctly concluded that only the amount of those built-in gains and excess passive income constituted business income under the SBTA and that plaintiff thus owed single business tax only on that amount. S corporations are corporations and had to be treated like any other corporation under the SBTA without regard to whether that treatment resulted in tax liability.

Affirmed.

*Honigman Miller Schwartz and Cohn LLP* (by *June Summers Haas*) for TMW Enterprises Inc.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Michael R. Bell*, Assistant Attorney General, for the Department of Treasury.

Before: HOEKSTRA, P.J., and SAWYER and SAAD, JJ.

PER CURIAM. This tax dispute is before this Court for a second time. In an earlier appeal, this Court ruled that an S corporation was a corporation for purposes of former MCL 208.3(3) and, as such, plaintiff was not entitled to claim a "casual transaction" exclusion under former MCL 208.3(2) and former MCL 208.4(1) of the now repealed Single Business Tax Act (SBTA). *TMW Enterprises Inc v Dep't of Treasury*, 285 Mich App 167; 775 NW2d 342 (2009). This Court remanded "for further proceedings consistent with this opinion." *Id.* at 180.

The facts of the underlying transaction were fully discussed in the earlier opinion and need not be repeated here. The tax liability at issue arises from the sale of assets by plaintiff to a competitor in 1995, giving rise to realizing a gain of $237,059,325. Plaintiff had excluded the gain from its single business tax return for

that year, taking the position that it was entitled to the casual-transaction exclusion under the SBTA. Defendant disagreed, assessing over $1,000,000 in taxes, penalties, and interest. Plaintiff paid the assessment under protest and brought an action in the Court of Claims seeking a refund. Although plaintiff prevailed in the Court of Claims, defendant prevailed on appeal.

On remand, the Court of Claims determined that plaintiff was entitled to a refund of most of the amount paid. Specifically, the Court of Claims concluded that only that portion of the gain that represented built-in gains or excess passive income, $589,879 of plaintiff's gain from the 1995 transaction, was subject to tax. Defendant appeals that decision.

Defendant first argues that it was improper for the issue of the calculation of plaintiff's tax liability to be revisited on remand. We disagree. Defendant argues that the trial court on remand only had the authority to take action consistent with our prior opinion. This is correct, though it would be more accurate to phrase the principle in the affirmative of what the trial court can do on remand. On remand, "the trial court possesses the authority to take any action which is not inconsistent with the opinion of the appellate court." *Vander-Wall v Midkiff*, 186 Mich App 191, 196; 463 NW2d 219 (1990). At no point in this Court's prior opinion was the amount of plaintiff's taxable income determined nor the amount of tax owed established. Rather, the only thing that this Court concluded in the prior opinion was that S corporations are corporations for SBTA purposes and, as such, are not entitled to claim the casual-transaction exclusion. *TMW*, 285 Mich App at 179.[1] The trial court

---

[1] This Court also directed the trial court to revisit on remand the negligence penalty issue because the trial court's erroneous holding on the casual-transaction issue necessarily meant that it had erred in its

was required to follow that principle of law on remand. *City of Kalamazoo v Dep't of Corrections (After Remand)*, 229 Mich App 132, 135; 580 NW2d 475 (1998). But as long as it did so, the trial court had the authority to take any action necessary on remand as long as that action was consistent with our prior opinion.

Indeed, arguably not only was the trial court free to revisit the calculation issue, but it was obligated to do so inasmuch as this Court had vacated the trial court's original decision. *TMW*, 285 Mich App at 179 n 8. With the trial court's original decision vacated, it was necessary for it to enter a new decision. And the only thing our prior decision obligated the trial court to do was to treat plaintiff like any other corporation for purposes of calculating its obligations under the SBTA, which the trial court did.

In sum, in our prior opinion, this Court did not determine the amount of tax owed by plaintiff nor the amount of plaintiff's taxable income. Moreover, nothing in our earlier opinion limited the scope of remand other than the traditional language that the proceedings on remand had to be consistent with our opinion.

There is one final argument raised by defendant on this point that we should address, and which leads into the second issue on appeal: what is the proper calculation of plaintiff's federal taxable income on which the single business tax (SBT) could be levied. Defendant argues that the issue of the amount of plaintiff's federal taxable income was determined in the prior appeal because it was necessary to do so in order to reject plaintiff's argument in the prior appeal. As defendant correctly points out, this Court did state that whether S corporations have federal

---

negligence penalty decision. *TMW*, 258 Mich App at 179. But, contrary to defendant's argument in its brief on appeal, we did not limit the scope of the remand solely to that issue.

taxable income is irrelevant because, regardless how that number is calculated, it is the basis for calculating the S corporation's business income, and the corporation is not entitled to the casual-transaction exclusion. *TMW*, 285 Mich App at 178. But defendant seems to overlook the Court's statement on the same page that "[i]t is true that S corporations have no federal taxable income at the federal level, as the parties concede." *Id.*[2] This statement does control the outcome, but not in defendant's favor.

The SBTA imposed a tax on a taxpayer's adjusted tax base. *TMW*, 285 Mich App at 173-174. "Tax base" was defined to mean "business income, before apportionment or allocation as provided in chapter 3, even if zero or negative, subject to the adjustments in this section." Former MCL 208.9(1). See also *TMW*, 285 Mich App at 174. And, for corporations, "business income" was defined as federal taxable income. Former MCL 208.3(3). See also *TMW*, 285 Mich App at 174. "Thus, if a person is a corporation, its business income is its federal taxable income, which in turn is also its tax base." *TMW*, 285 Mich App at 174.

The analysis thus becomes very simple. Plaintiff, as an S corporation, had no federal taxable income, except for its built-in gains and excess passive income. Therefore, only the amount of those built-in gains and excess passive income would constitute business income under the SBTA. And, thus, it only owed SBT on that amount, as the trial court concluded.

Finally, we briefly address defendant's argument that this Court previously found that plaintiff did, in fact, have business income subject to tax. We did not. Defen-

---

[2] There are two exceptions to this principle that affect plaintiff. When an S corporation was previously a C corporation, as was plaintiff, it can have taxable income based on built-in gains and excess passive income. See 26 USC 1374 and 1375.

dant's argument misrepresents the analysis of this Court in its prior opinion. Defendant quotes from our opinion, which noted that, in "the court's view, to read § 3(3) to mean that S corporations calculate their 'business income' on the basis of federal taxable income would result in S corporations avoiding all SBT liability." *Id*. at 171. Defendant then argues that by rejecting the trial court's conclusion that an S corporation is not a corporation for purposes of determining business income, this Court must have rejected the trial court's determination that S corporations have no tax liability. Defendant's argument is flawed because this Court never rejected the trial court's conclusion that S corporations have no tax liability because the trial court did not make such a determination in its original decision. Rather, the trial court's original opinion recognized that which defendant apparently did not: if S corporations are treated like any other corporation, rather than like a partnership, S corporations escape the SBT because they have no federal taxable income on which to calculate the SBT. For this reason, the trial court found it "nonsensical" to treat S corporations like other corporations and, therefore, concluded that they must be treated like partnerships so that, in general, they would be subject to the SBT (though plaintiff would potentially escape it in this case because it would then be allowed to claim the casual-transaction exclusion). What this Court rejected in our earlier opinion was the trial court's conclusion that S corporations must be treated like partnerships in order to prevent them from escaping the SBT. Rather, this Court concluded that S corporations are corporations and their SBT must be calculated as such, without regard to whether that results in no tax liability. *TMW*, 285 Mich App at 177-178.

Defendant would like to have it both ways. In the earlier appeal, defendant wanted plaintiff to be treated like any other corporation so that it could not claim the casual-transaction exclusion. In this appeal, defendant wants plaintiff to not be treated like any other corporation because that would result in it having virtually no taxable income on which to levy the SBT. But as this Court made clear in its earlier opinion, plaintiff must be treated like any other corporation. And that means that the trial court correctly concluded that the SBT could only be levied on its federal taxable income, which includes only a small amount of built-in gains and excess passive income.

Affirmed. Plaintiff may tax costs.

HOEKSTRA, P.J., and SAWYER and SAAD, JJ., concurred.