# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEMETRIUS AL HUDSON,

        Defendant-Appellant.

UNPUBLISHED
February 22, 2018

No. 335957
Wayne Circuit Court
LC No. 13-007211-01-FC

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In November 2013, defendant was convicted of armed robbery, MCL 750.529, two counts of assault with intent to do great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 12 to 25 years' imprisonment for the armed robbery conviction, and 5 to 10 years' imprisonment for each assault conviction, to be served concurrently, but consecutive to a two-year term of imprisonment for the felony-firearm conviction. In a prior appeal, this Court affirmed defendant's convictions and sentences.[1] The Supreme Court reversed in part and remanded the case to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015)."[2] On remand, the trial court denied defendant's motion for resentencing. Defendant appeals again and we affirm.[3]

---

[1] *People v Hudson*, unpublished opinion per curiam of the Court of Appeals, issued April 21, 2015 (Docket No. 319569).

[2] *People v Hudson*, 498 Mich 903; 870 NW2d 696 (2015).

[3] We disagree with plaintiff's argument that this Court lacks jurisdiction over this appeal. The order appealed is an order entered on remand by the Supreme Court, which reversed in part this Court's decision in defendant's appeal by right. As such, the order qualifies as a "final order" under MCR 7.202(6)(b)(*iv*). Because defendant timely filed a claim of appeal from that order, this Court has jurisdiction over this appeal. MCR 7.203(A)(1). Plaintiff's additional arguments

On appeal, defendant first argues that the trial court erred in scoring offense variables (OVs) 9 and 14 at his original sentencing hearing. Defendant challenged the trial court's scoring of OVs 9 and 14 in his prior appeal, and this Court upheld the trial court's 10-point scores for both variables. Although the Supreme Court reversed, in part, this Court's prior decision, it did not disturb our prior determination that sufficient evidence supported the scoring of OV 9 and OV 14. Instead, the Supreme Court remanded the case to the trial court for further proceedings in accordance with *Lockridge*, which the Supreme Court decided after this Court issued its decision in defendant's prior appeal. Thus, this Court's prior determination that OVs 9 and 14 were properly scored was not affected by the Supreme Court's remand order.[4]

Next, defendant argues that he is entitled to resentencing because even though the guidelines were properly scored, the sentence for armed robbery was unreasonable and disproportionate. Armed robbery is a Class A offense subject to the legislative sentencing guidelines. MCL 777.16y. As scored at defendant's original sentencing, the guidelines recommended a minimum sentence range of 108 to 180 months for defendant's armed robbery conviction. MCL 777.62. The trial court sentenced defendant within the sentencing guideline range to 144 to 300 months' imprisonment.

In *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), the Supreme Court held that a sentence that departs from the guidelines is to be reviewed "for reasonableness." In *People v Steanhouse*, 500 Mich 453, 459-460, 471; 902 NW2d 327 (2017), the Supreme Court clarified that the reasonableness of a departure sentence is to be reviewed for an abuse of discretion, if that sentence violates "the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), which requires the sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender" (quotation marks omitted).

In this case, however, the trial court did not impose a departure sentence; defendant's 144-month-minimum sentence for armed robbery is within the applicable guidelines range of 108 to 180 months. A sentence within the guidelines range is presumed to be proportionate.

---

relate to the scope of this Court's review, but do not defeat this Court's jurisdiction over this appeal.

[4] Under the law of the case doctrine, if an appellate court has addressed an issue and the case is remanded for further proceedings, the issue determined by the appellate court "will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981). Although the doctrine is not inflexible, *People v Phillips (After Second Remand)*, 227 Mich App 28, 33; 575 NW2d 784 (1997), and is considered "a discretionary rule of practice," *Kalamazoo v Dep't of Corrections*, 229 Mich App 132, 135-136; 580 NW2d 475 (1998), defendant has not shown that we should decline to apply the doctrine to avoid injustice, such as where the prior determination was clearly erroneous or the facts on which the prior decision was based have changed. *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994). Accordingly, we decline to revisit defendant's scoring challenges.

*People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). This Court's review of a guidelines sentence is restricted by MCL 769.34(10), which provides, in relevant part, that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."[5]

Because defendant was sentenced within the guidelines range, and does not claim that the trial court relied on inaccurate information at sentencing, his sentence for armed robbery is not subject to a reasonableness review. Moreover, we already rejected defendant's claims that the guidelines were improperly scored.

Affirmed.


/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[5] As this Court observed in *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), "*Lockridge* did not alter or diminish MCL 769.34(10)," therefore, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Id*. at 196.