FREEMAN v DEC INTERNATIONAL, INC

Docket No. 159413. Submitted February 7, 1995, at Grand Rapids. Decided July 7, 1995, at 9:25 A.M.

Carl and Norman Freeman brought an action in the Kent Circuit Court against DEC International, Inc., and others, alleging negligence and breach of warranty with respect to an electric milking system with components manufactured by DEC. The court dismissed the claim against DEC, ruling that the action was barred by the three-year limitation period of MCL 600.5805(9); MSA 27A.5805(9) for products liability. The Court of Appeals, CYNAR, P.J., and MARILYN KELLY and T. G. KAVANAGH, JJ., in an unpublished opinion per curiam, decided April 18, 1990 (Docket Nos. 110505, 111812, 112307), reversed, holding that MCL 600.5805(9); MSA 27A.5805(9) did not bar the claim against DEC because the plaintiffs filed suit within three years of discovering that they had a possible cause of action and that, because of a lack of privity between the plaintiffs and DEC, the claim against DEC was not barred by the Uniform Commercial Code limitation period of four years from delivery of goods, MCL 440.2725; MSA 19.2725. On remand and after the Court of Appeals in *Sullivan Industries, Inc v Double Seal Glass Co, Inc,* 192 Mich App 333 (1991), and the Supreme Court in *Niebarger v Universal Cooperatives, Inc,* 439 Mich 512 (1992), decided that, irrespective of privity of contract, a plaintiff in an action alleging commercial losses brought against the manufacturer of a component incorporated into assembled goods is limited to rights of recovery provided by the UCC, the trial court, Donald A. Johnston, III, J., granted summary disposition for DEC, ruling that the plaintiffs' action against DEC was barred by the UCC four-year limitation period. The plaintiffs appealed.

The Court of Appeals *held:*

The doctrine of law of the case does not apply to bind the trial court to the initial decision by the Court of Appeals that

REFERENCES

Am Jur 2d, Appellate Review §§ 609, 613.
See ALR Index under Law of the Case.

lack of privity between the plaintiffs and DEC prevented application of the UCC limitation period.

Affirmed.

APPEAL — LAW OF THE CASE — EXCEPTIONS.

Exceptions to the doctrine of law of the case are recognized where the initial decision of the appellate court would preclude the independent review of constitutional facts and where there has been an intervening change of law; for the second exception to apply, the change of law must occur after the initial decision of the appellate court.

*Randall D. Fielstra, P.C.* (by *Randall D. Fielstra* and *Christi L. Burda*), for the plaintiffs.

*Bremer, Wade, Nelson, Lohr & Corey* (by *Phillip J. Nelson*), for the defendant.

Before: MURPHY, P.J., and MACKENZIE and HOEKSTRA, JJ.

MACKENZIE, J. Plaintiffs appeal as of right from an order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7). We affirm.

In 1977, plaintiff dairy farmers purchased an electrically powered milking system that had component parts manufactured by defendant. After experiencing a decline in milk production, plaintiffs consulted a veterinarian who, in December 1983, determined that the decline was attributable to stray voltage. On October 31, 1985, plaintiffs filed this action against defendant and others, alleging negligence and breach of warranty. The trial court eventually dismissed the action on the basis that plaintiffs' claim was barred by the three-year statute of limitations for products liability actions, MCL 600.5805(9); MSA 27A.5805(9).

Plaintiffs appealed. In *Freeman v Consumers Power Co,* unpublished opinion per curiam of the Court of Appeals, decided April 18, 1990 (Docket Nos. 110505, 111812, 112307), this Court reversed,

holding that MCL 600.5805(9); MSA 27A.5805(9) did not bar plaintiffs' action because plaintiffs filed their suit within three years of discovering that they had a possible cause of action. This Court also rejected defendant's argument that plaintiffs' action was time-barred under the Uniform Commercial Code's limitation period of four years from the delivery of goods, MCL 440.2725; MSA 19.2725. The panel ruled that plaintiffs' action was not governed by the UCC because no privity existed between the parties. The case was therefore remanded for trial.

The parties appealed to the Supreme Court. *Freeman v Consumers Power Co,* 437 Mich 514; 473 NW2d 63 (1991), did not address the statute of limitations issue, however, and the case returned to the circuit court for further proceedings after rehearing was denied on September 17, 1991. 438 Mich 1202 (1991).

On December 27, 1991, this Court decided *Sullivan Industries, Inc v Double Seal Glass Co, Inc,* 192 Mich App 333; 480 NW2d 623 (1991), and, contrary to the earlier unpublished opinion in this case, held that where an action alleging commercial losses is brought against the manufacturer of a component incorporated into assembled goods, the buyer's remedies are not based on tort but on rights of recovery provided by the UCC, irrespective of the existence of privity of contract.

Approximately five months later, on May 20, 1992, the Supreme Court decided *Neibarger v Universal Cooperatives, Inc,* 439 Mich 512; 486 NW2d 612 (1992). As in this case, *Neibarger* involved two dairies' actions, brought against the manufacturers of milking systems that had been installed on their farms, for economic losses sustained because of defects in the equipment. Although it declined to address the issue whether

the lack of privity prevented the application of the UCC's provisions in a suit between commercial parties, the Court cited *Sullivan, supra,* with approval, see 439 Mich 525, and held that UCC rather than tort principles applied to the actions.

Following the release of *Sullivan* and *Neibarger,* defendant again moved for summary disposition, arguing that those cases required the application of the UCC's four-years-from-delivery statute of limitations, MCL 440.2725; MSA 19.2725, which would bar plaintiffs' suit. Plaintiffs, on the other hand, argued that this Court's previous opinion finding the UCC inapplicable was binding as law of the case. The trial court concluded that, although the *Neibarger* Court refused to decide the privity issue directly, the clear implication of the decision was that lack of privity cannot defeat the application of the UCC and its four-year statute of limitations. The court further ruled that this change of law rendered the law of the case doctrine inapplicable. Accordingly, the court concluded that plaintiffs' action was time-barred under the UCC because it was brought more than four years after the milking system was delivered.

On appeal, plaintiffs contend that the trial court abused its discretion by refusing to be bound by this Court's 1990 holding that the UCC was inapplicable to plaintiffs' action against defendant. We disagree.

The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds that court and all lower tribunals with respect to the issue. *Poirier v Grand Blanc Twp (After Remand),* 192 Mich App 539, 546; 481 NW2d 762 (1992). The doctrine is, however, discretionary and merely expresses the practice of courts generally; it is not a limit on their power. *Locricchio v Evening News Ass'n,* 438 Mich 84, 109, n 13; 476

NW2d 112 (1991); *Bennett v Bennett,* 197 Mich App 497, 500; 496 NW2d 353 (1992). Normally, the law of the case applies regardless of the correctness of the prior decision, but the doctrine is not inflexible. *People v Herrera (On Remand),* 204 Mich App 333, 340-341; 514 NW2d 543 (1994). Michigan now recognizes at least two narrow exceptions to the doctrine. First, the decision of an appellate court is controlling at all subsequent stages of litigation unless the decision would preclude the independent review of constitutional facts. *Locricchio, supra,* pp 109-110; *Herrera, supra,* pp 340-341. Second, the initial decision of an appellate court is controlling unless there has been an intervening change of law. *Bennett, supra,* p 503. But see *People v Russell,* 149 Mich App 110, 117-118; 385 NW2d 613 (1985). For the second exception to apply, the change of law must occur after the initial decision of the appellate court. *Bennett, supra,* p 503. A change of law that occurs after the lower court's decision, but before the appellate court's decision, does not prevent the application of the law of the case doctrine. *Id.* The remedy in that instance is a petition for rehearing or an appeal to a higher court. *Id.,* pp 503-504.

Here, this Court initially determined that because the parties were not in privity, the UCC and its four-year statute of limitations did not apply. After the parties' appeal of that decision, and while the case was on remand for trial, this Court decided *Sullivan, supra,* and held that, regardless of privity, the UCC applies in economic loss cases brought by a commercial buyer against a manufacturer of goods. Also after the parties' appeal, the Supreme Court decided *Neibarger, supra,* where it cited *Sullivan* and ruled that the UCC applied to the plaintiff dairy farmers' claims against the manufacturers of milking systems for losses

caused by the systems. Because of this post-remand change in law, the trial court did not abuse its discretion by refusing to apply the law of the case doctrine. *Bennett, supra.* As stated by the trial court, it would be "a form of nonsense" to try this case on a legal theory that has, since the release of our previous opinion, been declared invalid.

Affirmed.