# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 28, 2010

Rehearing No. 563

1 December 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

136648

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

EDWIN DEWAYNE RICHMOND,
        Defendant-Appellant.
_____

SC: 136648
COA: 277012
Wayne CC: 06-013878-01

        On order of the Court, the prosecution's motion for rehearing of this Court's opinion, 486 Mich 29 (2010), is GRANTED in part. We grant the prosecution's request for clarification about how it may proceed against defendant in light of this Court's decision.

        The prosecution may refile the charges against defendant and, if necessary, file an interlocutory appeal to challenge the underlying suppression ruling. As the dissent in *Richmond* explained, the circuit court's suppression ruling is subject to correction because of the intervening change in the law occasioned by our decision in *People v Keller*, 479 Mich 467 (2007). Slip op at 3-4. See also *Freeman v DEC Int'l, Inc*, 212 Mich App 34, 38 (1995) (exception to law of the case doctrine); *People v Johnson*, 191 Mich App 222, 225 (1991) (exception to collateral estoppel doctrine). This Court's opinion vacates the Court of Appeals' decision, which corrected the circuit court's ruling in light of *Keller*, on jurisdictional grounds, not on the merits.

        The prosecutor's original decision to dismiss the case to seek appellate review was, at most, a procedural misstep that did not reach the merits of her case. Moreover, we note that the prosecutor has non-frivolous arguments such that she can appropriately

seek to reinstate her case. The comments to MRPC 3.1 define "frivolous" as "an action taken primarily for the purpose of harassing or maliciously injuring a person." In light of the intervening change in the law in *Keller*, in view of the fact that the prosecutor has received a unanimous Court of Appeals decision in her favor, and in view of the clarifying nature of the instant decision, we believe that reasonable arguments remain available to the prosecutor to explain why reinstatement of charges under these circumstances is appropriate.

In all other respects, the motion for rehearing is DENIED.

CORRIGAN, J. (*concurring in part and dissenting in part*).

I would grant the prosecution's motion for rehearing, and upon rehearing, would affirm for the reasons stated in my dissenting opinion in *People v Richmond*, 486 Mich 29, 42 (2010). As the prosecutor suggests in her motion for rehearing, the majority opinion in *Richmond* creates an absurd situation: a prosecutor may *accept* a dismissal of charges but may *not move* for such a dismissal without rendering the case "moot." When a prosecutor maintains legally cognizable and live interests that can be vindicated only through appellate review, whether a claim is "moot" does not arbitrarily turn on whether the prosecutor, rather than the defendant or the trial court, moves to dismiss the case.

I concur in the Court's order of clarification, however, because I agree that the prosecution may proceed in the manner explained in the order. The prosecutor clearly has a non-frivolous case that she rightfully wishes to pursue. Thus, where double jeopardy grounds do not bar it, this order preserves a prosecutor's statutory right of appeal and ensures that the administration of justice will not be forever thwarted by the rule created in *Richmond*.

KELLY, C.J. and CAVANAGH, J., would deny rehearing.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 28, 2010

Clerk