# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CANDACE RENEE O'NEAL,

        Defendant-Appellant.

UNPUBLISHED
May 5, 2015

No. 320075
Oakland Circuit Court
LC No. 2011-235961-FH

Before: TALBOT, C.J., and MURPHY and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right her jury-trial conviction of receiving, possessing, or concealing stolen property, a Cadillac Escalade, valued at $20,000 or more, MCL 750.535(2)(a). She was sentenced to two days in jail, with credit for two days served. We affirm on the basis of the law of the case doctrine.

After defendant was convicted by the jury as indicated above and before sentencing, the trial court granted defendant's motion for a directed verdict of acquittal, finding that the prosecution failed to present sufficient evidence to establish that defendant "possessed" the stolen vehicle. The prosecution appealed the trial court's ruling granting the directed verdict in favor of defendant. This Court agreed with the prosecution, holding that, "[b]ecause the evidence was sufficient for a rational jury to conclude that defendant possessed the stolen vehicle, we reverse and remand for reinstatement of defendant's conviction." *People v O'Neal*, unpublished opinion per curiam of the Court of Appeals, issued April 18, 2013 (Docket No. 309259), p 1. This Court initially noted that reinstatement of defendant's conviction would not implicate double jeopardy protections. *Id.* at 1 n 1, citing *People v Anderson*, 409 Mich 474, 483 n 10; 295 NW2d 482 (1980). Relying on the principle of constructive possession, the prior panel ruled as follows:

> The prosecution presented sufficient evidence for a rational jury to conclude that defendant had constructive possession of the stolen Escalade. The evidence showed that defendant and her husband went to the Secretary of State office at Seven Mile and Evergreen and that defendant alone spoke to the clerk about applying for a title transfer for a 2007 Cadillac Escalade. Defendant admitted at trial that documents purporting to show that she was the owner of the

-1-

Escalade were fraudulent. Defendant held herself out as the owner of the Escalade when she handed those documents, including a false out-of-state vehicle certificate of title with her name on it, to the clerk for processing. When the clerk informed defendant that she needed to investigate the transaction further because of an issue with the VIN number, defendant stated that she did not want to wait and left the office.

Just over a week after her visit to the Secretary of State office, detectives located the Escalade parked in the parking lot adjacent to defendant's apartment building. Defendant was aware that the vehicle was parked outside of her apartment and refused to answer questions about it. When the detectives began questioning defendant's husband about the Escalade, defendant did not allow him to answer and told him, "[y]ou don't need to say anything. They already got the car. They already know all about me." Contrary to defendant's trial testimony, defendant's statement to her husband shows that she, and not her husband, was the perpetrator. We are required to view the evidence in the light most favorable to the prosecution, and to draw all reasonable inferences and make credibility choices in support of the jury verdict. Further, the keys to the Escalade were in defendant's apartment, and defendant directed the detectives to their location. The detectives confirmed that the keys started the vehicle. In addition, two fraudulent insurance certificates containing defendant's name were found inside the vehicle. Thus, viewing the evidence in the light most favorable to the prosecution, the circumstantial evidence and reasonable inferences drawn therefrom was sufficient to show that defendant exercised dominion and control over the vehicle.

Moreover, even crediting defendant's version of the facts, her testimony tended to show that both she and her husband were involved in the criminal venture. Defendant admitted that her husband behaved strangely in the Secretary of State office, which caused her to become suspicious and question him after they left. According to defendant, her husband told her that he had a "hook up" with regard to the Escalade. More than one week later, the Escalade was parked next to her apartment, defendant told detectives where the keys to the vehicle were, the vehicle was titled in her name, and fraudulent insurance papers containing her name were found inside the vehicle. If defendant and her husband were both involved in the criminal venture, defendant would not have been absolved from responsibility given that possession can be joint and not merely exclusive. Thus, defendant's theory was unavailing.

In sum, the evidence was sufficient to allow a rational jury to conclude that defendant constructively possessed the Escalade. [*O'Neal*, op at 3-4 (citations omitted).]

Following this Court's decision and reinstatement of the conviction, defendant was sentenced to two days in jail, with credit for two days served. Defendant appeals as of right. Her lone argument on appeal is that the prosecution failed to present sufficient evidence showing that

she had actual or constructive possession of the Escalade; therefore, the trial court had properly granted her motion for a directed verdict of acquittal. In defendant's appellate brief, she notes that she "now appeals of right, essentially re-asserting the same arguments posited in response to the prosecutor's direct appeal of the lower court's directed verdict of acquittal." The prosecution contends that the law of the case doctrine requires us to reject defendant's appellate argument and that, even if the doctrine did not apply, there was sufficient evidence of defendant's possession of the motor vehicle.

"Whether the law of the case doctrine applies is a question of law that we review de novo." *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010). The doctrine provides that a ruling by an appellate court on a particular legal issue binds all lower tribunals on remand and the appellate court in a subsequent appeal with respect to the determination of that legal issue, so long as the facts have not materially changed during the interim. *Grievance Administrator v Lopatin*, 462 Mich 235, 259-260; 612 NW2d 120 (2000). Normally, the law of the case doctrine will apply regardless of the correctness of the prior determination. *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994). And the doctrine has been applied in a criminal setting when an evidentiary issue had already been decided in a prior interlocutory appeal. *People v Freedland*, 178 Mich App 761, 770; 444 NW2d 250 (1989). The law of the case doctrine applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Lopatin*, 462 Mich at 260. Additionally, the doctrine does not apply when there has been an intervening change in the pertinent law. *Freeman v DEC Int'l, Inc*, 212 Mich App 34, 38; 536 NW2d 815 (1995).

Nevertheless, the law of the case doctrine merely expresses the practice of courts to maintain consistency and avoid reconsidering matters already decided during the course of a single continuing lawsuit; it is not a limit on their power. *Locricchio v Evening News Ass'n,* 438 Mich 84, 109; 476 NW2d 112 (1991); *Freeman*, 212 Mich App at 37-38. "Particularly in criminal cases, the law of the case doctrine is not inflexible and need not be applied if it will create an injustice." *People v Phillips (After Second Remand)*, 227 Mich App 28, 33; 575 NW2d 784 (1997); see also *Herrera*, 204 Mich App at 340-341. This Court in a criminal case has even indicated that the doctrine "need not be applied . . . where a prior decision is clearly erroneous." *People v Wells*, 103 Mich App 455, 463; 303 NW2d 226 (1981); see also *Phillips*, 227 Mich App at 33-34 (acknowledging the *Wells* opinion).

Here, as noted by the prosecution, defendant fails to even recognize or acknowledge the law of the case doctrine, let alone present an argument with respect to why we should not apply the doctrine. Indeed, defendant herself states that she is essentially presenting the same arguments on the issue of possession that she presented to the prior panel. The earlier panel expressly confronted and affirmatively answered the legal issue regarding whether there was sufficient evidence to show possession of the Cadillac Escalade as required to establish the elements of the offense. Of course, there have been no factual changes since the initial appeal; the record of the evidence presented at trial is set in stone. Further, defendant does not point to any intervening change in the pertinent law, nor are we aware of any change in the law. Finally, while we recognize that the law of the case doctrine is not inflexible, especially in criminal cases, application of the doctrine under the circumstances presented would not create an injustice; there was sufficient evidence of constructive possession as outlined by the prior panel. Similarly, we

-3-

cannot conclude that the first panel was clearly erroneous in analyzing the possession issue, especially where defendant fails to even make an effort to point to possible flaws in the analysis conducted by the prior panel. Reversal is unwarranted.

Affirmed.


/s/ Michael J. Talbot
/s/ William B. Murphy
/s/ Elizabeth L. Gleicher