STATE OF MICHIGAN
COURT OF APPEALS

ASPHALT SPECIALISTS, INC.,

        Plaintiff/Cross-Defendant,

v

STEVEN ANTHONY DEVELOPMENT
COMPANY, GTR COMPANIES, GLACIER
CLUB TWO, INC., GLACIER CLUB ONE, INC.,
GLACIER DEVELOPMENT COMPANY, INC.,
GTR BUILDERS, INC., ARLINGTON TRANSIT
MIX, ROBERT F. TEMPLE, doing business as
CURRENT ELECTRIC CONTRACTING, JP
MORGAN CHASE, BOARD OF COUNTY
ROAD COMMISSIONERS, WASHINGTON
ASSOCIATES, LLC, NAGY CONCRETE
COMPANY, NATIONAL CITY BANK OF THE
MIDWEST, doing business as NATIONAL CITY
BANK, and FEDERAL DEPOSIT INSURANCE
COMPANY,

        Defendants/Cross-Defendants,

and

GTR GLACIER GOLF HOLDINGS,

        Defendant/Cross-
        Defendant/Counter-Plaintiff,

and

GTR GLACIER CLUB, LLC,

        Defendant/Third-Party
        Defendant/Cross-Defendant,

and

LAKEVIEW CONTRACTING, INC.,

UNPUBLISHED
March 21, 2017

No.  311947
Macomb Circuit Court
LC No.  2007-001854-CK

Defendant/Third-Party Counter-
Plaintiff-Appellee,

and

TONY ANGELO CEMENT CONSTRUCTION
COMPANY,

Defendant/Third-Party Counter-
Plaintiff/ Cross-Defendant,

and

WELLS VENTURE CORPORATION,

Defendant/Counter-Plaintiff/Cross-
Defendant-Appellant,

and

A & R SEALCOATING, INC.,

Defendant/Counter-Plaintiff/Cross-
Defendant.

ASPHALT SPECIALISTS, INC.,

Plaintiff/Cross-Defendant-Appellee,

v

STEVEN ANTHONY DEVELOPMENT
COMPANY, GTR COMPANIES, GLACIER
CLUB TWO, INC., GLACIER CLUB ONE, INC.,
GLACIER DEVELOPMENT COMPANY, INC.,
GTR BUILDERS, INC., ARLINGTON TRANSIT
MIX, ROBERT F. TEMPLE, doing business as
CURRENT ELECTRIC CONTRACTING, JP
MORGAN CHASE, BOARD OF COUNTY
ROAD COMMISSIONERS, WASHINGTON
ASSOCIATES, LLC, NAGY CONCRETE
COMPANY, NATIONAL CITY BANK OF THE
MIDWEST, doing business as NATIONAL CITY
BANK, and FEDERAL DEPOSIT INSURANCE
COMPANY,

No. 314658
Macomb Circuit Court
LC No. 2007-001854-CK

-2-

Defendants/Cross-Defendants,

and

GTR GLACIER GOLF HOLDINGS,

Defendant/Cross-
Defendant/Counter-Plaintiff,

and

GTR GLACIER CLUB, LLC,

Defendant/Third-Party
Defendant/Cross-Defendant,

and

LAKEVIEW CONTRACTING, INC.,

Defendant/Third-Party Counter-
Plaintiff-Appellee,

and

TONY ANGELO CEMENT CONSTRUCTION
COMPANY,

Defendant/Third-Party Counter-
Plaintiff/ Cross-Defendant,

and

WELLS VENTURE CORPORATION,

Defendant/Counter-Plaintiff/Cross-
Defendant-Appellant,

and

A & R SEALCOATING, INC.,

Defendant/Counter-Plaintiff/Cross-
Defendant.

ON REMAND

Before: BECKERING, P.J., and O'CONNELL and SHAPIRO, JJ.

PER CURIAM.

This case returns to this Court after remand by the Michigan Supreme Court, which ordered this Court to consider our previous holding regarding the reasonableness of attorney fees in this case in light of *C D Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389; 834 NW2d 878 (2013).[1] After doing so, we reverse and remand for further proceedings.

## I. BACKGROUND

This Court has stated the pertinent facts and complex procedural history of this case in our previous opinion and will not restate them in full. *Asphalt Specialists, Inc v Steven Anthony Dev Co*, unpublished opinion per curiam of the Court of Appeals, issued August 7, 2014 (Docket No. 305753). In summary, Wells Venture Corporation (WVC) argued that it was not liable to pay attorney fees above those fees incurred in foreclosing the construction liens against it, but the circuit court rejected that argument and awarded fees to the contractors who foreclosed against the developer. *Id*. at 7. A prior panel of this Court "indicated that on remand the attorney fee award must be separated from the construction liens, and that the circuit court must assess the reasonableness of the attorney fee awards." *Id*. at 6. On remand, the circuit court amended its judgment regarding the construction liens and held an evidentiary hearing regarding the reasonableness of the attorney fees. *Id*. at 7.

WVC again appealed, and this panel affirmed, holding that the law of the case bound this Court to a prior panel's analysis of the statutory attorney fee provisions. *Id*. at 12-13. Specifically, we held:

> The panel determined that the circuit court erred by including the attorney fees in the construction lien. The panel went on to specifically instruct the circuit court on remand to reconsider the reasonableness of the amount of the attorney fee awards in light of *Smith v Khouri*, 481 Mich 519, 537; 751 NW2d 472 (2008). . . .
>
> . . . WVC argues that even if the law of the case indicates that the contractors were entitled to fees, the entitlement was enforceable only against the golf course developer, not against WVC. This argument misconstrues the prior panel's analysis. WVC was the appellant in the prior appeal. If the prior panel had determined that the attorney fee award could not be enforced against WVC, the panel would have reversed the circuit court's initial attorney fee award without further discussion. Instead, the prior panel analyzed and resolved the issue of

---

[1] *Asphalt Specialists, Inc v Steven Anthony Dev Co*, ___ Mich ___ (2017) (order issued January 27, 2017).

entitlement to attorney fees. We are bound by that resolution. *Hill v City of Warren*, 276 Mich App 299, 308; 740 NW2d 706 (2007). [*Id*. at 13 (citations omitted).]

## II. ANALYSIS

In *C D Barnes Assoc*, this Court held that the trial court erred by combining the awarded attorney fees with the amount of a construction lien and granting priority to the combined amount. *C D Barnes Assoc*, 300 Mich App at 427. We reasoned that a construction lien cannot exceed the amount of the lien claimant's contract. *Id*. Accordingly, it was not permissible for a court to add the amount of the attorney fees to the amount of the lien; the circuit court must award construction liens and attorney fees separately. *Id*. at 428. When doing so, the trial court must ensure that it is attributing its attorney-fee awards to the appropriate parties. *Id*.

This panel previously made its decision on the basis of the law of the case doctrine. That doctrine holds that when this Court has decided a legal issue and remanded the case for further proceedings, this Court will not decide the same issue differently on a subsequent appeal in the same case. *Hill*, 276 Mich App at 308. A narrow exception exists when there is an intervening change in law. *Freeman v DEC Intern, Inc*, 212 Mich App 34, 38; 536 NW2d 815 (1995). For this exception to apply

> the change of law must occur after the initial decision of the appellate court. A change of law that occurs after the lower court's decision, but before the appellate court's decision, does not prevent the application of the law of the case doctrine. [*Id*. (citations omitted).]

In this case, the initial panel's decision reversing and remanding on the issue of attorney fees was issued April 19, 2011. The trial court issued its decision after remand on August 1, 2012. This Court decided *C D Barnes Assoc* on April 11, 2013. This panel issued our initial opinion holding that the law of the case doctrine applied on August 7, 2014. Accordingly, the change of law occurred after the lower court's decision but before this panel's decision, which did not prevent us from applying the law of the case doctrine in the instant case.

"The doctrine is, however, discretionary and merely expresses the practice of courts generally; it is not a limit on their power." *Freeman*, 212 Mich App at 37. While the change of law was not an *intervening* change, the law has indeed changed because parties against whom attorney fees were not fairly attributable found themselves saddled with attorney fees for the behavior of other parties. In the interests of fairness, we exercise our discretion not to apply the law of the case doctrine. We instead remand this case for the trial court to consider its award of attorney fees under *C D Barnes Assoc*. In doing so, the trial court must ensure that it is attributing its attorney-fee awards related to the construction liens to the appropriate parties. See *C D Barnes Assoc*, 300 Mich App at 428.

We reverse and remand. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Peter D. O'Connell
/s/ Douglas B. Shapiro