SCHOOLCRAFT COMMUNITY SCHOOL DISTRICT
NO. 50 *v.* BURSON.

1. DEEDS—BASE FEE—ATTEMPT TO CONVEY POSSIBILITY OF REVERTER —EXTINGUISHMENT OF RIGHT OF RE-ENTRY.

Deed, executed in 1837, of 6 rods square tract of property to school district "so long as such district desire or wish to occupy the same for the use of a school * * * and no longer" and entitling the district to remove improvements when school site was changed created a possibility of reverter that could not be conveyed or assigned and an attempt to do so before breach of the condition subsequent extinguished the right to re-enter.

2. STATUTES—BASE FEE—CONVEYANCE OF REVERSIONARY INTEREST— PROSPECTIVE CHANGE OF COMMON LAW.

Statute providing for conveyance of the reversionary interest

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 33 Am Jur, Life Estates, Remainders, and Reversions § 206.

in lands conveyed on a condition subsequent either before or after the right of re-entry became effective but also providing such statute should not affect any such interest created before the statute took effect altered the common-law rule only as to transactions occurring after the effective date of the statute (PA 1931, No 219).

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted October 8, 1959. (Docket No. 40, Calendar No. 48,014.) Decided November 24, 1959.

Bill by Schoolcraft Community School District No. 50, Kalamazoo County, against David Burson, Lee R. Coburn, Lucille M. Coburn and others to quiet title. Decree for plaintiff. Defendants Coburn appeal. Affirmed.

*Ford, Kriekard & Brown* (*Garry E. Brown,* of counsel), for plaintiff.

*Fox, Fox & Thompson* (*Gould Fox,* of counsel), for defendants Coburn.

CARR, J. This is a suit in equity to quiet title to a parcel of land, 6 rods square, located in Schoolcraft township, Kalamazoo county. None of the defendants named in the suit contested plaintiff's right to the relief sought other than appellants Lee R. Coburn and Lucille M. Coburn. It is agreed by counsel that the material facts are set forth correctly in the bill of complaint.

Plaintiff school district is a consolidation of a number of districts, including School District No. 1 of Schoolcraft to the property interests of which plaintiff has succeeded. Under date of September 28, 1837, Joseph and Ann Burson, husband and wife, conveyed by quitclaim deed to said School District No. 1 the land in question here. Inserted in said deed was the following language:

"To have and to hold the rights, privileges, possession and occupancy of the said 6 rods square, together with the appurtenances thereunto belonging for the proper use and benefit of sd. school district so long as such district desire or wish to occupy the same for the use of a school in behalf of sd. district, and no longer. And should sd. district at any future period change the site of its school it shall hereby be entitled to remove from said lot of 6 rods square all the improvements thereon put by said district."

Following the death of Joseph Burson his widow conveyed to the school district additional land containing 27 square rods, so that the school lot was then 7x9 rods in extent. The latter conveyance contained no provision similar to that above quoted from the 1837 deed. Mrs. Burson's ownership of the parcel conveyed by her is not in dispute. The land conveyed to the district was used for school purposes until 1951, during which year plaintiff's board of education concluded that, under changed conditions then existing, it was no longer feasible to maintain a school on said premises. Attempts to sell the property followed.

Following the conveyance by Mr. and Mrs. Burson in 1837, and after Mr. Burson's death, the widow and heirs at law, by conveyances of record, undertook to convey their rights in the premises without excepting any possible reversionary interest. Through mesne conveyances appellants Coburn acquired the record title to the land in which the school lot was contained and asserted reversionary rights in the parcel conveyed by Mr. and Mrs. Burson. Plaintiff's claims as set forth in its bill of complaint were predicated on the theory that the subsequent conveyances referred to, apparently made in 1861, terminated the possibility of reverter which counsel concede was created by the original conveyance to the school district. Apparently the claim made by

appellants interfered with the desired disposition of the property. Plaintiff alleged that such claim was made without merit, and that it constituted a cloud on the title which equity should remove.

The plaintiff also asked for authority to sell the property pursuant to statute,* claimed applicable on the ground that changing conditions had rendered it inexpedient to continue to hold the land or to use it for educational purposes. The circuit judge before whom the case was heard found it unnecessary to pass on this question, basing his decree in plaintiff's favor on the ground that, construing the language of the 1837 deed as creating a condition subsequent, the right of re-entry and reversionary interest of the original grantors, in the event of a breach of said condition, was terminated by the subsequent conveyances by the record owners of the property.

In *Halpin* v. *Rural Agricultural School District No. 9, Gaines Township,* 224 Mich 308, the facts were analogous to those in the case at bar. There land was conveyed to the defendant school district in November, 1855, by the then owner, to be used as a site for a school house. The deed expressly provided that if the land ceased to be used for such purposes then the right and title thereto should revert to the party of the first part, his heirs and assigns. Thereafter the grantor and his wife, in 1861, conveyed their interest to another party whose devisees, in 1919, quitclaimed their interest to plaintiff Halpin. As in the case at bar, it was agreed that the conveyance by the original owner created a possibility of reverter. In considering the situation presented the Court concluded that a condition subsequent had been created, that the possibility of a reverter to

* PA 1925, No 258 (CL 1948, § 554.401 *et seq.* [Stat Ann 1953 Rev § 26.1211 *et seq.*]).

the grantor and his heirs was of such character that
it could not be conveyed or assigned, and that under
the pertinent rule of real property law the attempt
on the part of the grantor to convey such possibility
before breach of condition extinguished the right to
re-enter. In support of the conclusion cases from
other States were cited. In accordance with the
opinion a decree was entered dismissing the bill of
complaint filed by plaintiff Halpin.

The holding in the *Halpin Case* has been fol-
lowed in subsequent decisions by this Court. In
*County of Oakland* v. *Mack*, 243 Mich 279, property
was conveyed, under date of June 30, 1823, to the
county commissioners of Oakland county for the
use of said county, subject to a provision that if
the property was otherwise used, it should revert
to the grantor. In a suit to quiet title it was held
that the subsequent conveyance by successors to
the interest of the grantor operated to extinguish
the right of reverter, no breach of the condition
subsequent having previously taken place. The
Court (p 286) cited the *Halpin Case* with approval,
and also quoted from 1 Tiffany on the Modern Law
of Real Property (1903 ed), § 75, as follows:

" 'The right to take advantage of a condition sub-
sequent belongs, at common law, exclusively to the
grantor or lessor and his heirs, and he cannot re-
serve such right to others, even by express stipula-
tion. Nor can the right to enforce a forfeiture, or,
as it is usually called, the right of re-entry, be,
at common law, assigned or transferred by the
grantor to a third person before entry for the
breach; this being in conformity with the common-
law rule that "nothing in action, entry, or re-entry
can be granted over." These restrictions as to the
persons able to take advantage of a breach, and
the inability to assign the right, have been generally
recognized in this country, and not only will an

attempted assignment of the right of re-entry be void, but it will have the effect of destroying the grantor's right to enforce the condition, which is thereafter in effect nonexistent.' "

In accord with the above case is *Fractional School District No. 9, Waterford and Pontiac Townships, v. Beardslee,* 248 Mich 112, where it was held that:

"Where land was conveyed to school district subject to reversion to grantor, his heirs, and assigns in case it ceased to be used for school purposes, a right of reverter dependent upon breach of condition subsequent was reserved, which was extinguished by grantor's conveyance thereof before breach of condition subsequent, leaving title in school district without qualification." (Syllabus 3.)

Counsel for appellant in the instant case argue that the rule recognized in the above decisions, and by courts in other States, was incorrect, and that the holding in the *Halpin Case* should be overruled. Such claim was advanced in *Dolby v. State Highway Commissioner,* 283 Mich 609 (117 ALR 538), the Court refusing to overturn the recognized rule of property. We are in accord with the reasons advanced for such conclusion, notwithstanding the dissenting opinion of Mr. Justice POTTER. Unquestionably it was the rule of the common law that a right of reverter on breach of a condition subsequent in a conveyance of real estate could be reserved only to the grantor and his heirs. In the event of breach automatic termination of the estate did not occur but required entry on the part of those entitled to take advanage of such breach. The right of re-entry was deemed subject to waiver, and by an attempted conveyance of the right of reversion those entitled to declare and enforce the breach extinguished such right. It involved the surrender of what, in advance of breach, amounted to a mere possibility

which the common law did not recognize as subject to conveyance to another.

The legislature of Michigan by PA 1931, No 219 (CL 1948, § 554.111 [Stat Ann § 26.851]) undertook to change the rule of the common law by enacting that:

"The reversionary interest in lands conveyed on a condition subsequent may be granted, conveyed, transferred or devised by the owner of such interest, and by the subsequent grantees or devisees thereof,. either before or after the right of re-entry becomes effective: Provided, That this act shall not affect any such interest created before it takes effect."

Obviously it was the purpose of the legislature in the enactment of this statute to change the rule of the common law, impliedly recognized by the act. The language of the proviso is significant as declaring an intent not to destroy or interfere with any prior existing interest. As pointed out in *Dolby* v. *State Highway Commissioner, supra,* 614, the statute is applicable to transactions occurring after its effective date. The attempt to affect or alter in any way rights or interests created prior thereto was expressly negatived. In other words, the common-law rule as recognized in Michigan was not in any way modified insofar as previously created rights and interests were concerned. We are not in accord with the claim that this Court should now declare that our decisions recognizing the common-law rule were erroneous, and that conveyances made in 1861 should be interpreted other than in accordance with said rule. The issues in the case were correctly determined in circuit court.

The conclusion reached on the principal question involved renders it unnecessary to consider the second ground on which plaintiff in its bill of complaint sought equitable relief, its title being cleared of

any claims on the part of the defendants, including particularly the appellants here. Its right to dispose of its property without reference to the claimed reversionary interest is established. The decree of the circuit court is affirmed, with costs to plaintiff against appellants.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.