# STATE OF MICHIGAN

# COURT OF APPEALS

SALLY KRANZ,

          Plaintiff-Appellant,

and

BRETT STAMATS and AMY J. STAMATS,

          Plaintiffs,

v

ROGER D. TERRILL and DARLENE G. TERRILL,

          Defendants-Appellees.

UNPUBLISHED
August 6, 2015

No. 319287
Lenawee Circuit Court
LC No. 10-003817-CH

Before: M. J. KELLY, P.J., and WILDER and K. F. KELLY, JJ.

PER CURIAM.

      Plaintiff[1] appeals as of right the trial court's opinion and order affirming its prior decision that defendants hold an express and prescriptive easement on plaintiff's property extending to the shoreline and into the adjacent lake, and granting defendants the right to use the lake, erect a dock, and moor watercraft to the dock in this declaratory judgment and easement dispute. On appeal, plaintiff argues that the trial court erred: (1) by ignoring the law of the case on remand when it found that defendants had an express easement that includes the right to build a dock and moor boats, despite the fact that this Court already found that the express easement was limited to access only, (2) by disregarding the Michigan Supreme Court's remand order to consider the affidavit of plaintiff's predecessor in interest and instead finding that the affidavit stated a

---

[1] Plaintiffs Brett Stamats and Amy J. Stamats entered into a consent judgment with defendants before the first appeal of this case, and are not parties to this appeal. *Kranz v Terrill*, unpublished opinion per curiam of the Court of Appeals, issued September 20, 2012 (Docket No. 305198), p 1 n 1, vacated in part on other grounds 494 Mich 860 (2013). Accordingly, we will refer solely to plaintiff Sally Kranz as "plaintiff."

-1-

conclusion of law, and (3) in finding that defendants had proven the existence of a prescriptive easement by clear and cogent evidence where the record showed that defendants' use was permissive, and therefore, could never ripen into a prescriptive easement. We agree with each of these statements and therefore reverse.[2]

## I. BASIC FACTS AND PROCEDURAL HISTORY

In 2010, plaintiff filed a complaint for declaratory judgment to determine the rights of the parties regarding an easement located on plaintiff's property on Round Lake (Lot 1). The Stamats own the neighboring waterfront lot (Lot 2). Defendants own a back lot (Lot A). Because of defendants' lack of direct access to the lake, defendants have a ten-foot-wide easement between plaintiff's and the Stamats' properties, spanning one edge of plaintiff's property, and ending at the water. Plaintiff alleged that the easement only gave defendants access rights and that they had exceeded those rights by maintaining a dock and mooring three watercraft.

In response, defendants alleged that they, and their predecessors in interest, have maintained and utilized a dock to which they have moored watercraft, extending from the easement on plaintiff's property, for over 15 years and in a manner establishing a prescriptive easement. Further, defendants alleged that this gave them riparian rights in the land bordering Round Lake.

Plaintiff moved for summary disposition, alleging that the easement was limited by its language and only provides access to Round Lake, with no mention of any rights to erect a dock or moor boats. Defendants had purchased their real property by warranty deed on January 7, 2000, from Rickey Lee Wobrock (Wobrock) and Debbie J. Wobrock. Wobrock averred that his use of a dock to moor boats at the end of the easement was done with the permission and consent of other property owners around the lake, and he never made any claim of adverse possession or prescriptive easement.

Defendants responded that plaintiff did not have standing to bring her lawsuit because her lot ended shortly before the high water mark of the lake, and therefore, she does not have her own riparian rights and could not complain about defendants' activities in the water. Defendants further argued that decades of continuous use by defendants and their predecessors in interest had established a prescriptive easement allowing them to build a dock and moor their boats to it.

The trial court entered a stipulation and order between the parties, agreeing that the trial court could decide the case based upon the parties' briefs, affidavits, and oral arguments already presented, without being required to make rulings on the parties' competing motions for

---

[2] In light of our conclusion that plaintiff is entitled to judgment as a matter of law, we decline to address plaintiff's last issue regarding whether the trial court followed the portion of this Court's prior opinion remanding the case to establish the rights and responsibilities of the parties regarding their relationship as fee holder and easement holders.

summary disposition.[3] In its opinion and order, the trial court found that defendants correctly argued that plaintiff does not have standing to bring this action because plaintiff is not a riparian owner. The trial court further found even if she did have standing, defendants proved the existence of a prescriptive easement granting them the right to erect a dock and moor their boats.

The trial court entered a consent judgment between the Stamats and defendants reflecting that defendants had an express and prescriptive easement, 10 feet in width, extending along the northwesterly side of plaintiff's property, including recreational use, such as erecting a dock and mooring watercraft. Plaintiff was barred from "trespassing" into the area of the 10-foot easement.

Plaintiff appealed. In an unpublished opinion, this Court first held that the trial court erred in finding that plaintiff's property did not abut the lake, and therefore, we held that plaintiff did have standing to challenge defendants' use of the easement. *Kranz*, unpub op at 3-4. Second, this Court affirmed the trial court's holding to the extent that it found that defendants acquired riparian rights by prescription. *Id*. at 4-8. This Court held that the express easement did not grant defendants riparian rights because the word "access" as used in the easement's phrase, "for access to Round Lake," could not be construed to mean riparian rights or that defendants had the right to install and maintain a dock. *Id*. at 6. However, this Court found that defendants had gained riparian rights by prescription, when defendants openly exercised hostile use of the easement by installing a dock and mooring boats. *Id*. at 7-8. Finally, this Court remanded the case to the lower court to develop a record and clarify its ruling regarding the parties' rights and responsibilities as fee and easement holders. *Id*. at 8.

Plaintiff filed an application for leave to appeal this Court's decision to the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court vacated the portions of this Court's opinion and the trial court's judgment "holding that defendants established a prescriptive easement to construct and maintain a dock at the terminus of the easement, and to moor boats to the dock." *Kranz v Terrill*, 494 Mich 860; 831 NW2d 238 (2013). The Supreme Court noted that the affidavit of Evelyn M. Hummon (formerly Evelyn Kummerle), plaintiff's immediate predecessor in interest, averred that defendants and defendants' predecessors in interest erected and used the dock with her permission and consent from 1990 until 2003. *Id*. Therefore, the Supreme Court remanded the case to the trial court "for further consideration in light of this affidavit and this Court's decision in *Fractional School Dist No 9 in Waterford and Pontiac Twps, Oakland Cty v Beardslee*, 248 Mich 112, 116[; 226 NW 867] (1929) (holding that a period of permissive occupancy cannot be tacked onto a period of hostile occupancy, to show adverse possession)." *Kranz*, 494 Mich at 860.

---

[3] As this Court noted in its prior, unpublished opinion in this dispute, "it appears that the parties agreed to waive further proceedings in favor of a final resolution of all claims and defenses based on their submissions, without a decision on their cross-motions." *Kranz v Terrill*, unpublished opinion per curiam of the Court of Appeals, issued September 20, 2012 (Docket No. 305198), p 2, vacated in part on other grounds 494 Mich 860 (2013).

Once back in the trial court, plaintiff filed a motion for entry of judgment, arguing that the unvacated portions of this Court's opinion established that the express easement between the parties was for access only and did not include any riparian rights to erect a dock or moor boats. Plaintiff further noted that Michigan Supreme Court's order vacated the portion of this Court's prior opinion holding that defendants established a prescriptive easement to erect a dock or moor watercraft, and then remanded the case to the trial court for reconsideration of its prior decision.

Defendants responded that the Michigan Supreme Court order explicitly remanded the case to the trial court for "*further consideration*" of the dispute in light of Hummon's affidavit and the applicable case law, and therefore, entry of an order without further argument was improper.

At a September 16, 2013 hearing, the trial court stated that the Michigan Supreme Court order explicitly ordered "further consideration" of the case, and therefore, it must hold a hearing to comply with the Supreme Court's order. Plaintiff responded that the high burden of proof necessary to prove the existence of a prescriptive easement lay solely with defendants and the trial court had already decided the issue with a trial on the documents. Plaintiff further argued that, in light of the fact that the Hummon affidavit contradicted the permission issue, the Supreme Court's order effectively foreclosed the trial court from finding a prescriptive easement. The trial court then asked what would happen if it did not believe the Hummon affidavit, to which plaintiff's counsel responded that he did not believe the trial court had jurisdiction to do that in light of the fact that defendants did not appeal the procedure of the trial on the document. The trial court stated that the remand order required it to further consider the existence of the prescriptive easement in light of the Hummon affidavit and the proffered Supreme Court precedent, and to do so it would hold a hearing on the issue.

At a subsequent hearing, the trial court noted that the Supreme Court order required it to further consider the dispute in light of Hummon's affidavit claiming that any use of the easement to erect a dock and moor boats was done with permission and consent. The trial court noted that it had considered this affidavit at the time it made its original decision, and both then and on remand the trial court found that the affidavit simply states a legal conclusion, and the conclusion that the prior use of the easement to erect a dock and moor boats was done with Hummon's consent was insufficient to establish a fact in this case. The trial court stated that it found the affidavit to be no help "whatsoever," and affirmed its prior decision.

The trial court's opinion and order stated that it found that Hummon's affidavit simply stated a legal conclusion and provided "no facts upon which this Court can make a decision that the use of a dock or boat moorings on or at the easement were [sic] done with 'permission and consent.'" Therefore, the trial court affirmed its prior decision that defendants

> have an express and prescriptive easement ten feet in width extending from the terminus of the easement described as being ten feet in width from off and across the Northwesterly side of Lot 1, Plat of Shady Beach, according to the plat thereof as recorded in Liber 5 of Plats, Page(s) 32, Lenawee County Records, extending across any intervening land to the shoreline and extending therefrom out into Round Lake, and the right of use of said waters and subaqueous land including

but not limited to the recreational use thereof, the right to erect a dock and to have use thereof, together with the right to moor watercraft thereto.

Plaintiff now appeals as of right.

## II. LAW OF THE CASE

Plaintiff first contends that the trial court failed to follow the law of the case, to the extent that its order on remand held that defendants had an *express* easement to erect a dock and moor boats. We agree.

Determination of whether the law of the case applies is a question of law subject to de novo review. *KBD & Assoc, Inc v Great Lakes Foam Tech, Inc*, 295 Mich App 666, 679; 816 NW2d 464 (2012).

"The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue." *KBD & Assoc, Inc*, 295 Mich App at 679. The law of the case applies only to legal questions decided -- implicitly or explicitly – by an appellate court in cases remanded to the trial court. *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008); *Kalamazoo v Dep't of Corrections*, 229 Mich App 132, 135; 580 NW2d 475 (1998).

> The law of the case doctrine's rationale is to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit; the doctrine does not limit an appellate court's power but, rather, is a discretionary rule of practice. A trial court fails to follow the law of the case when it revisits a matter on which this Court has already ruled. [*Schumacher*, 275 Mich App at 128.]

Under this doctrine, the decision of an appellate court is controlling at all subsequent stages of litigation, so long as it is unaffected by a higher court's opinion. *Duncan v State*, 300 Mich App 176, 188-189; 832 NW2d 761 (2013).

> In the prior appeal, this Court held that

> the plain and unambiguous language of the express easement did not grant riparian rights to defendants and did not suggest that rights to install and maintain a dock or moor boats were within the scope of the express easement. Therefore, to the extent that the trial court concluded that the scope of defendants' express easement included riparian rights such holding is reversed. [*Kranz v Terrill*, unpublished opinion per curiam of the Court of Appeals, issued September 20, 2012 (Docket No. 305198), p 6.]

This Court continued to hold that defendants possessed a *prescriptive* easement granting them riparian rights, including the right to erect a dock and moor boats, by way of their open and notorious prescriptive uses for the statutorily required 15-year period. *Id*. at 6-8. The Supreme Court then vacated only the portion of this Court's opinion pertaining to defendants' prescriptive easement. *Kranz,* 494 Mich 860.

The portion of this Court's opinion holding that defendants did not possess any riparian rights pursuant to the express easement was unaffected by the Supreme Court's subsequent order vacating a portion of this Court's opinion and remains the law of the case. Therefore, to the extent that the trial court's opinion and order on remand implied or provided that defendants' riparian rights to erect a dock and moor boats were the result of the express easement between the parties, that portion of the opinion and order violated the law of the case. *Schumacher*, 275 Mich App at 128.

### III. PROCEEDINGS ON REMAND

Plaintiff next contends that the trial court failed to follow the Michigan Supreme Court's remand order "for further consideration" of the case when it declined to give appropriate weight to Hummon's affidavit. We agree.

Again, "[w]hether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher*, 275 Mich App at 127. "It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court." *Rodriguez v Gen Motors Corp*, 204 Mich App 509, 514; 516 NW2d 105 (1994). "The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *K & K Const, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544; 705 NW2d 365 (2005) (internal quotation marks omitted).

In the trial court, the parties agreed to have the case tried by the documents on the record, which necessarily included Hummon's affidavit. However, in granting defendants summary disposition, the trial court did not specifically set forth the documentary evidence it considered nor how it weighed such evidence. Perhaps that is why the Supreme Court, in its remand order, noted:

> The affidavit of the plaintiff-appellant's predecessor in interest averred that from 1990 until 2003, when she and her husband sold Lot 1 to the plaintiff-appellant, "any use of a dock or boat moorings on or at the easement was done with our permission and consent." *We REMAND this case to the Lenawee Circuit Court for further consideration in light of this affidavit* and this Court's decision in *Fractional School Dist No 9 in Waterford and Pontiac Twps, Oakland Cty v Beardslee*, 248 Mich 112, 116[; 226 NW 867] (1929) (holding that a period of permissive occupancy cannot be tacked onto a period of hostile occupancy, to show adverse possession). [*Kranz,* 494 Mich at 860 (emphasis added).]

On remand, the trial court found Hummon's affidavit legally insufficient and refused to consider the averments therein:

> The Court finds that the Affiant, Evelyn M. [Hummon], through affidavit states, "any use of a dock or boat moorings on or at the easement was done with our permission and consent."
>
> The Court further finds that the Affidavit simply states a legal conclusion. The affidavit sets forth no facts upon which this Court can make a decision that

the use of a dock or boat moorings on or at the easement were done with "permission and consent."

> That conclusion is up to the trier of fact, not the Affiant through Affidavit. This Court finds this Affidavit of little or no use in this Court's decision.

The trial court erred in concluding that Hummon's affidavit stated only legal conclusions. "An affidavit is defined as: A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *People v Sloan*, 450 Mich 160, 177 n 8; 538 NW2d 380 (1995), overruled on other grounds *People v Hawkins*, 468 Mich 488 (2003) (internal quotation marks omitted); see also *Black's Law Dictionary* (9th ed) (an affidavit is "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths").

There is obviously a difference between a "statement of fact" and a "legal conclusion." *Black's Law Dictionary* (9th ed) provides the following definition for the term "statement of fact":

> A form of conduct that asserts or implies the existence or nonexistence of a fact. . . . The term includes not just a particular statement that a particular fact exists or has existed, but also an assertion that, although perhaps expressed as an opinion, implies the existence of some fact or facts that have led the assertor to hold the opinion in question.

Further, "legal conclusion" is defined as "[a] statement that expresses a legal duty or result but omits the facts creating or supporting the duty or result." *Id*.

In her affidavit, Hummon averred numerous facts regarding her ownership of plaintiff's property before selling it to plaintiff in 2003. The affidavit included the dates on which Hummon purchased and sold the property, the typical uses she and her husband had for the land, including the shore and bottomlands. Among these factual statements was Hummon's averment that she allowed others to erect a deck and moor boats at the end of the express easement by permission and consent. The trial court clearly erred in determining that this statement was a legal conclusion because it, alone, did not express "a legal duty or result." In other words, Hummon's statement provided that she *allowed* defendants and their predecessors in interest to erect a dock at the end of the easement. A legal conclusion, for example, might have provided that defendants were precluded from claiming that they acquired riparian rights through prescription because they could not prove hostile or adverse use. Hummon's affidavit, on the other hand, merely provides the factual underpinnings, i.e., that Hummon permitted defendants' predecessors in interest to erect a dock at the end of the easement, upon which the trial court could find that defendants had failed to establish hostile or adverse use of the easement property.

Because the trial court refused to consider the affidavit, it did not pass on the affiant's credibility. The trial court violated the Supreme Court's directive when it found that Hummon's affidavit stated a legal conclusion. According to the Supreme Court's order, the trial court was tasked to "further consider" the affidavit in making its decision. To "consider" means "1. to look

at carefully; examine  2. to think about in order to understand or decide; ponder [to consider a problem]  3. to keep in mind; take into account . . ." *Webster's New World Dictionary of the American Language* (2d Colledge Ed), p 303.  As we discuss next, refusing to "further consider" the affidavit caused the trial court to err on the ultimate issue of whether there was a prescriptive easement allowing defendants to erect a dock and moor boats.[4]

## IV. PRESCRIPTIVE EASEMENT

Plaintiff next contends that the trial court erred in finding that defendants met their burden of proving the existence of a prescriptive easement allowing them to erect a dock and moor boats.  We agree.

The trial court's holding regarding the existence of a prescriptive easement is a legal question that is reviewed de novo.  *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005).  The trial court's factual findings, including the scope of rights under an easement, are reviewed for clear error.  *Wiggins v City of Burton*, 291 Mich App 532, 550; 805 NW2d 517 (2011).  "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed."  *Reed Estate v Reed*, 293 Mich App 168, 173-174; 810 NW2d 284 (2011).

A prescriptive easement may arise in a manner similar to adverse possession, when a party's use of another person's property for an easement has been open, notorious, adverse or hostile, and continuous for a period of 15 years.  *Matthews v Dep't of Natural Resources*, 288 Mich App 23, 37; 792 NW2d 40 (2010).  Wobrock averred that the dock was placed at the end of the easement for the eight years he owned the property now owned by defendants, though its placement and use was the result of mutual agreement between four different property owners: Wobrock, Roy Brown, Tom Bourgeois, "[a]nd someone known as 'Brownie'."  Thus, if defendants could tack Wobrock's use of the dock onto their alleged prescriptive use of the easement, they would have exceeded the 15-year statutory requirement.  *Killips v Mannisto*, 244 Mich App 256, 259; 624 NW2d 224 (2001) ("A party may 'tack' on the possessory periods of predecessors in interest to achieve this fifteen-year period by showing privity of estate.").

---

[4] As conceded by both attorneys at oral argument, we have before us the same evidence that was before the trial court, which consisted exclusively of documentary evidence.  Thus, this is not a situation where we must defer to the trial court's "superior position to assess the credibility and the veracity of witnesses."  *People v Tyner*, ___ Mich ___; 861 NW2d 622 (2015).  The trial court did not have an "advantage of seeing the witnesses on the stand, of listening to their testimony, of noting the attitude of the jury to various matters that may arise during the trial" and was not in a "far better position than is an appellate court to pass on questions of possible prejudice, sympathy, and matters generally that occur in the course of a trial but which do not appear of record."  *Id.*

The party claiming a prescriptive easement "bears the burden to demonstrate entitlement to a prescriptive easement by clear and cogent evidence." *Matthews,* 288 Mich App at 37. Defendants' evidence fell far short of this heavy burden.

Defendants' affidavit averred that when they purchased their property from Wobrock, their immediate predecessor in interest, he told them that the dock was theirs and their responsibility to install each season. Further, from 2000 to 2010, defendants claimed to have installed the dock and moored their boats to it without ever asking for, or being granted, permission by plaintiff. While defendants may have believed the dock was "theirs" such that they used the dock under color of right, their subjective belief, while inconsistent with the right of the true owner, is only one factor in determining whether the use was adverse or hostile. "Adverse or hostile use is use inconsistent with the right of the owner, *without permission* asked or given, use such as would entitle the owner to a cause of action against the intruder [for trespassing]." *Plymouth Canton Community Crier, Inc v Prose*, 242 Mich App 676, 681; 619 NW2d 725 (2000). "[P]ermissive use of property, regardless of the length of the use, will not result in an easement by prescription." *West Michigan Dock & Mkt Corp v Lakeland Investments*, 210 Mich App 505, 511; 534 NW2d 212 (1995).

Plaintiff provided Hummon's affidavit to the trial court, which stated that she had previously owned plaintiff's lot with her husband from June 19, 1990, until she sold it to plaintiff on April 25, 2003. Hummon averred that during the time of her ownership of the property, "any use of a dock or boat moorings on or at the easement was done with [hers and her husband's] permission and consent."

Analyzing Hummon's affidavit, along with Wobrock's affidavit, the trial court erred in finding that defendants established a prescriptive easement to erect a dock or moor boats. Wobrock's affidavit asserts that he made no representations to defendants regarding defendants' alleged rights to erect a dock or moor boats. Further, Wobrock asserted that his use of the dock was done with the consent of other owners who benefitted from the easement. In support of this assertion, Hummon averred that she permitted Wobrock and others to build a dock at the edge of the easement. These statements were uncontroverted in the lower court. [5] Thus, the use of the easement to erect a dock and moor boats at the end of the easement was permissive, at least during the period of Hummon's ownership, from 1990 until 2003. Such permissive use cannot be tacked on to subsequent hostile use, *Fractional School Dist No 9*, 248 Mich at 116, and therefore, the earliest date on which defendants could assert hostile or adverse use of the easement is April 25, 2003, when Hummon conveyed the servient estate to plaintiff. Plaintiff filed her declaratory judgment action in the trial court on July 28, 2010. Therefore, the longest time for which defendants could possibly have enlarged their easement rights in a hostile and

---

[5] Also uncontroverted were the averments in Michael O'Donnell's affidavit. O'Donnell was the Stamats' predecessor in interest. The dock also encroached on his property. He averred that the intrusion was by consent and permission "as all the users were friends and the dock was placed by mutual consent and agreement."

adverse manner, based on the evidence admitted below, was slightly more than seven years and the trial court clearly erred in finding that defendants had proved adverse or hostile use.

Reversed and remanded for entry of order. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ Kirsten Frank Kelly